**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOSHUA JEREMY GUBSER, | ) | Case No. 16-10713 TBM |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| PROFESSIONAL POWER, INC. | ) | |
| Plaintiffs, | ) | Adv. Proc. No. 16-10700-TBM |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA JEREMY GUBSER, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| JOSHUA JEREMY GUBSER, | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL PALECKI | ) | |
| Third-Party Defendant. | ) | |

## ANSWER AND THIRD-PARTY COMPLAINT

    Joshua Gubser ("Gubser"), by and through his undersigned counsel, Michael J. Davis of BKN Murray LLP hereby files his Answer to the Complaint to Determine Dischargeability of Debt of Professional Power, and, in support thereof, states as follows:

### STATEMENT OF JURISDICTION AND VENUE

    1.    Admitted.

    2.    Admitted

    3.    Denied.

    4.    Admitted

5.  Gubser asserts that paragraph 5 of the Complaint calls for a legal conclusion, which is denied.

## FACTUAL ALLEGATIONS

6.  Gubser has insufficient information to either admit or deny this allegation.

7.  Admitted.

8.  Gubser denies that he is the only principal and owner of True Form Design and Building ("True Form"), a Colorado corporation with its principal place of business located at 405 Kalamath Street, Denver, CO 80204.

9.  Denied.

10. Gubser has insufficient information to either admit or deny this allegation.

11. Gubser has insufficient information to either admit or deny this allegation.

12. Gubser has insufficient information to either admit or deny this allegation.

13. Gubser asserts that paragraph 13 of the Complaint calls for a legal conclusion, which is denied.

14. Gubser asserts that paragraph 14 of the Complaint calls for a legal conclusion, which is denied.

15. Denied.

16. Gubser has insufficient information to either admit or deny this allegation

17. Gubser has insufficient information to either admit or deny this allegation

## FIRST CLAIM FOR RELIEF
**(Fraud or Defalcation While Acting in a Fiduciary Capacity Pursuant to 11 U.S.C. §523(a)(4))**

18. Gubser hereby incorporates his answer to all other allegations contained in this Complaint.

19. Denied.

20. Gubser has insufficient information to either admit or deny this allegation.

21. Gubser has insufficient information to either admit or deny this allegation

22. Denied.

23. Denied.

24. Denied.

## SECOND CLAIM FOR RELIEF

11

**(Willful and Malicious Injury Pursuant to 11 U.S.C. §523(a)(6))**

25. Gubser hereby incorporates his answer to all other allegations contained in this Complaint

26. Denied.

27. Gubser has insufficient information to either admit or deny this allegation because he was not involved in the Glencoe Project. .

28. Denied.

29. Denied

30. Denied..

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. The Plaintiffs' claims are barred by their failure to mitigate damages, if any.

3. The Plaintiffs' claims are barred by its lack of due diligence and reasonable investigation.

4. The Plaintiffs' claims are barred by the doctrine of unclean hands.

5. The Plaintiffs' claims are barred by the doctrine of accord and satisfaction and/or avoidable consequences.

6. The Plaintiffs' claims are barred by a lack of reasonable and/or justifiable reliance.

7. The Plaintiffs' claims are barred by the doctrine of release.

8. The Plaintiffs' Complaint fails to comply with the requirements of Fed.R.Civ.P. 9, as made applicable by Fed.R.Bankr.P. 7009, and therefore must be dismissed.

9. The damages, if any, for which Plaintiff seeks relief were proximately caused in whole or in part by Plaintiff's own negligent or willful acts or omissions and Gubser is in no way responsible for such acts, omissions, or failures.

10. The damages for which Plaintiff seeks relief were proximately caused, if at all, in whole or in part by third parties' negligent or willful acts or omissions and Gubser is in no way responsible for such acts, omissions, or failures.

11. Plaintiff has engaged in conduct and actions and/or entered into agreement(s) sufficient to estop it from bringing the causes of action asserted against Defendant.

12. Without admitting any allegations of the Complaint, Gubser alleges that any failure to perform their obligations under the contract described in the Complaint resulted from the Plaintiff's failure to perform as required by the terms of the contract sued

on, and that performance on the Plaintiff's part of this obligation was a condition precedent to, or concurrent condition with, the performance of True Form's obligation.

13. Gubser, at all times, acted in good faith and did not, directly or indirectly, know, induce, or in any way participate in any wrongful act or acts as alleged in the Complaint.

14. Plaintiff did not rely on any representations made by Gubser in undertaking any of the conduct alleged in the Complaint, and if there was any such reliance, then said reliance was unjustified or unreasonable.

15. Without admitting any allegations of the Complaint, Defendant alleges that Plaintiff's action was automatically barred pursuant to Plaintiff's own breach of terms and conditions of the contract.

16. Without admitting any allegations of the Complaint, Gubser alleges that if the Plaintiff was damaged in the manner set forth in the Complaint, Plaintiff's injuries were caused solely by the action of some other third parties other than Defendant.

17. Gubser alleges as an affirmative defense that, at all applicable times, Gubser was not a creditor of the debtors.

18. Gubser reserves the right to add and/or assert additional affirmative defense which may become known to her through the course of this action.

WHEREFORE, Gubser respectfully requests that this Court dismiss the Complaint with prejudice; award costs, interest, and reasonable attorney fees as provided by law or agreement; and grant such other and further relief as this Court deems appropriate.

### THIRD-PARTY COMPLAINT

Joshua Gubser ("Gubser"), through his undersigned counsel, respectfully submits this Third-Party Complaint against Michael Palecki ("Palecki"), and states as follows:

### Jurisdiction

1. This Court has non-core jurisdiction over this action, as Gubser sets forth state law claims for relief related to the underlying bankruptcy case now pending in the United States Bankruptcy Court for the District of Colorado ("Court"). *Stern v. Marshall*, 564 U.S. __, __, 131 S.Ct. 2594, 2620, 180 L.Ed.2d 475 (2011); *see also Executive Benefits Ins. Agency v. Arkison*, 573 U.S. __, __, 134, S.Ct. 2165, 2174, 189 L.Ed.2d 83 (2014)(citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5 (1995)). Pursuant to 28 U.S.C. § 157(c)(2), this Court may adjudicate this proceeding to final judgment "with the consent of all parties to the proceeding." *Executive Benefits*, 134 S.Ct. at 2174-75.

2. Venue is proper in either this Court or the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1409(a).

11

## Parties

3. Gubser is a resident of the State of Colorado and a debtor in the underlying bankruptcy case; styled as *In re Gubser*, Case No. 16-10713 TBM.

4. Michael Palecki is a resident of the State of Colorado.

## General Allegations

5. Gubser and Palecki formed True Form Design and Building, Inc. (True Form") as a Colorado Corporation in July, 2012.

6. Palecki maintained the status as a "silent partner" because of his Chapter 7 bankruptcy filing in July, 2012.

7. Because of his experience and his alleged knowledge, he was always an equal owner in True Form and shared in all decision making, and financial benefits.

8. The jobs that True Form was awarded were managed individually by Gubser or Palecki, and neither managed the others jobs. This included each one ordering materials, contracting with subcontractors, signing contracts with buyers, signing contracts with vendors, and receiving payment from jobs which were posted for their own jobs. Neither Gubser or Palecki used the same vendors to work on their jobs.

9. Palecki engaged in a pattern of behavior that harmed True Form and diverted revenue to himself. This included the following:

    a. He paid personal bills with the company credit card:
    b. He requested loans from True Form that were never paid back:
    c. He changed credit card billing so that money he received via the credit card processing company Square Inc. was deposited in to his own account, rather than the company acct.

10. Palecki further acted irresponsibly in conducting the business of True Form. These included the following:

    a. He priced jobs improperly,
    b. Filed to manage his time;
    c. Missed details in jobs which ended up costing True Form money.
    d. Consistently underbid jobs that made 10 percent rather than 30 percent based on Palecki's estimating protocols.

11. Because Gubser and Palecki managed and ran their own jobs, these poor business habits did not show up until a year end review after 2013.

12. To deal with the profitability issues, Palecki and Gubser made certain changes in their operations including changing their billing and estimating processes after seeing that True Form was only making a third of what was estimated in 2013.

11

13. At the end of 2014, True Form made further decisions to increase profitability which included lowering overhead, changing estimating processes to include getting hard numbers on bids before they were started and cutting salaries by a third.

14. To make matters worse for the profitability of True Form, Palecki registered the trade name Waterfront Remodeling Services, in January, 2015 for the purpose of diverting further business and revenue away from True Form.  Palecki used Waterfront to divert True Form leads away from True Form.

15. Finally, in July, 2015, Palecki and Gubser decided to close True Form  after finishing current projects. They estimated that profitable jobs would help pay for unprofitable jobs.

16. Palecki, instead of working within the established framework, sent emails to the unprofitable jobs that he no longer worked for True Form and that all parties should contact Gubser to complete their jobs. Palecki took the profitable jobs into his new Company and informed all vendors, customers and subcontractor that the demise of True Form was Gubser's fault. These included jobs that Palecki was exclusively responsible for.

## FIRST CLAIM FOR RELIEF
## CONVERSION

17. By this reference, Gubser incorporates the foregoing allegations.

18. As set forth above, Palecki knowingly took possession of property belonging to True Form and Gubser

19. Palecki took the True Form property without authorization .

20. Palecki took the True Form property with the intent that True Form and Gubser would be permanently deprived of the use or benefit of the property.

21. As the result of Paelcki's conversion of this property, True Form and Gubser have incurred damages.

## SECOND CLAIM FOR RELIEF
## CIVIL THEFT

22. By this reference, Gubser incorporates the foregoing allegations.

23. As set forth above, Palecki knowingly took possession of property belonging to True Form and Gubser

24. Palecki took the True Form property without authorization.

25. Palecki took the True Form property with the intent that True Form would be permanently deprived of the use or benefit of the property.

26. As the result of Palecki's theft of this property, True Form and Gubser have incurred damages.

## THIRD CLAIM FOR RELIEF
## FRAUD

27. By this reference, Plaintiff incorporates the foregoing allegations.

11

28. Palecki took payment from customers and diverted funds to his own possession, then rather than placing such funds into the True Form accounts, he kept the money for his own use. By failing to disclose this conduct and by creating a false record of payments, Palecki failed to disclose material facts and made a false representation of a past or present fact, namely, that payments were made by customers. Palecki also represented to Gubser that amounts collected from the customers were turned over to True Form in its entirety, when in reality he was keeping significant portions for his personal use.

29. The misrepresented fact was material to Gubser and True Form

30. Palecki knew the representation was false.

31. Palecki made the misrepresentation with the intent Gubser and True Form would rely upon it by not questioning these transactions or investigating.

32. Gubser and True Form relied upon the misrepresentation and did not discover this conduct for a long period of time.

33. Gubser and True Form's reliance was justified.

34. Gubser and True Form's reliance caused it to incur damages.

### FOURTH CLAIM FOR RELIEF
### BREACH OF FIDUCIARY DUTY

35. By this reference, Gubser incorporates the foregoing allegations.

36. At all pertinent times, Palecki was acting as a fiduciary of Gubser in the ownership and management of their mutual business ventures, and also owed fiduciary duties to True Form.

37. The acts of Palecki as set forth above, namely the theft of corporate funds and the severe mismanagement of the business constitute breaches of his fiduciary duties to Gubser and to True Form.

38. Palecki's breaches of his fiduciary duties have caused Gubser to incur damages.

### FIFTH CLAIM FOR RELIEF
### BREACH OF DUTY OF LOYALTY

39. By this reference, Gubser incorporates the foregoing allegations.

40. At all times prior to Palecki's resignation, he was an employee and agent of True Form

41. As an agent of True Form, Palecki owed Gubser and True Form a duty of loyalty.

42. During his employment, Palecki, through his actions as set forth herein, intentionally and willfully violated his duties of loyalty to Ture Form and Gubser by taking actions contrary to True Form's interest while employed by True Form,

11

including, but not limited to, diverting and usurping corporate opportunities in favor of himself.

42. During his employment, Palecki engaged in self dealing,, misrepresentations, fraud, and conspiracy, and competed with True Form, and solicited True Form customers, for his own personal benefit.

43. As a direct and proximate result of Palecki's acts and omissions, True Form and Gubser have suffered substantial damages and Gubser unlawfully profited.

44. Palecki's actions have been willful and outrageous and undertaken with reckless indifference to the rights of Gubser and True Form.

WHEREFORE, Gubser requests:

1. Entry of judgment against Palecki in favor of Gubser on the Conversion, Civil theft, Fraud, and Breach of Fiduciary Duty claims in an amount to compensate it for its losses, plus treble damages, costs of litigation, attorney fees as allowed by law, and pre- and post-judgment interest;

2. Entry of judgment against Palecki in favor of Gubser on his claims for breach of fiduciary duty in an amount to compensate him for his losses, plus costs of litigation, attorney fees as allowed by law, and pre- and post-judgment interest;

3. Entry of judgment against Palecki in favor of Gubser on his claims for breach of duty of loyalty in an amount to compensate him for his losses, plus costs of litigation, attorney fees as allowed by law, and pre- and post-judgment interest;

4. Such other relief as the Court deems proper.

DATED this 30th day of March, 2016.

Respectfully submitted,
BKN MURRAY, LLP.

/s/ *Michael J. Davis*
Michael J. Davis, Atty. Reg. No. 44287
6795 East Tennessee Avenue, Suite 330
Denver, Colorado 80224
Tel: 303-758-5100
Fax: 303-758-5055
E-mail: mdavis@bknmurray.com

*Attorneys for the Defendant*