**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| **Janet Kay Kendall** ) | **Case No. 16-11530-MER** |
| SSN: XXX-XX-9242 ) | |
| ) | |
| **Debtor** ) | **Chapter 7** |
| _____ | |
| **SummitBridge Credit Investments LLC** ) | |
| **Plaintiff** ) | |
| ) | **Adv. Pro. 16-01252 MER** |
| v. ) | |
| ) | |
| **Janet Kendall** ) | |
| **Defendant** ) | |
| ) | |

_____

**ANSWER OF JANET KENDALL TO COMPLAINT OBJECTING TO**
**DISCHARGEABILITY OF DEBT**

Janet Kendall, by and through her attorney Michael J. Davis of BKN Murray LLP hereby files her answer and affirmative defenses to SummitBridge Credit Investments LLC complaint objecting to the dischargeability of certain debt owed SummitBridge Credit Investments LLC by Debtor Janet Kay Kendall, and in support thereof, states as follows:

1. SummitBridge Credit Investments LLC ("SummitBridge") is a Delaware limited liability company authorized to conduct business in the state of Colorado.

**Response:** **Defendant has insufficient information to either admit or deny this allegation.**

2. Janet Kay Kendall ("J. Kendall") is an individual with a last known principal place of residence at 315 Grayhawk Rd., Fort Collins, CO 80524-8761.

**Response:** **Denied.**

3. J. Kendall filed a petition for relief under Chapter 7 on February 25, 2016.

**Response:** **Admitted.**

4. SummitBridge is a creditor of J. Kendall's bankruptcy estate and has standing to bring this action based upon 11 U.S.C. § 523(c)(1).

**Response:** **Admitted.**

5. This Court has jurisdiction over this case based upon 28 U.S.C. § 157(b)(2) and 28 U.S.C. § 1334(b).

**Response:** **Admitted.**

5. Venue is proper in the District of Colorado based on (a) J. Kendall is a resident of this district and (b) J. Kendall's Chapter 7 case is pending in this Court.

**Response:** **Denied that she is a resident of this District, but admitted that the case is pending.**

### 11 U.S.C. § 523(a)(2)(A)

7. On August 6, 2012, the Court entered an Order in Adversary No. 10-1710 that states in part:

> IT IS ORDERED the House Transfer, the First Cash Transfer and the Laskin Transfer are hereby avoided under 11 U.S.C. § 548(a)(1)(A) and (B), 11 U.S.C. § 544, and COLO. REV. STAT. §§ 38-8-105 and 106.
>
> IT IS FURTHER ORDERED pursuant to 11 U.S.C. § 550(a), the Trustee may pursue recovery against J. Kendall, Laskin, and/or the Trust, within the limitations imposed by 11 U.S.C. § 550(d).
>
> (Case: 10-1710-MER Doc#: 74, p.20 of 20)

**Response:** **Admitted.**

8. Judgment for the same relief was entered August 6, 2012 (Case: 10-1710-MER Doc#: 75)

**Response:** **Admitted.**

9. The judgment in Adversary No. 10-1710-MER was transferred to SummitBridge Credit Investments LLC pursuant to the Order Granting Trustee's Motion to Approve Compromise Under FED.R.BANKR.P. 9019 and for Order Authorizing Sale of Property under 11 U.S.C. § 363 entered November 10, 2014, in Case No. 10-29564 MER, Doc#: 211.

**Response:** **Admitted.**

10. On April 24, 2013, the Court entered a Final Order Following Stipulation to Confession of Judgment in Adversary No. 12-1486-MER that states in relevant part:

> IT IS ORDERED the Car Transfer and the Genworth Transfer are hereby avoided as plead in the First and Second Claims for Relief in Trustee's Adversary Complaint;
>
> IT IS FURTHER ORDERED pursuant to II U.S.C. § 550(a), the Trustee may pursue recovery against Defendant Janet Kendall within the limitations imposed by II U.S.C. § 550(d).
>
> IT IS FURTHER ORDERED that each party shall bear its own fees and costs and interest on the outstanding amount of Judgment is to accrue at the statutory rate of interest until fully satisfied.

(Case: 12-1486-MER Doc#: 23, p.2 of 2)

**Response:** Admitted.

11. Judgment for the same relief was entered April 24, 2013 (Case: 12-1486-MER Doc#: 24).

**Response:** Admitted.

12. The judgment in Adversary No. 12-1486-MER was transferred to SummitBridge Credit Investments LLC pursuant to the Order Granting Trustee's Motion to Approve Compromise Under FED.R.BANKR.P. 9019 and for Order Authorizing Sale of Property under 11 U.S.C. § 363 entered November 10, 2014, in Case No. 10-29564 MER, Doc#: 211.

**Response:** Admitted

13. At the time of the transactions avoided in Adversary No. 10-1710-MER J. Kendall was aware of SummitBridge's litigation against J.Kendall's husband, Mark A. Kendall ("M.Kendall"), and SummitBridge's efforts to attach the assets M.Kendall, the transferor in all of the avoided transactions.

**Response:** Admitted.

14. SummitBridge filed a lawsuit against Kendall Printing Company, Kendall Land Company, LLC, and M.Kendall on or about November 6, 2009, Weld County District Court Case No. 2009CV1103.

**Response:** Admitted.

15. On November 10, 2009, SummitBridge filed an amended verified motion for appointment of a receiver in Weld County District Court Case No. 2009CV1103.

**Response:** Admitted.

16. The same day one of the transfers voided by the Court in Adversary No. 10-1710 was made.

**Response:** Admitted.

17. On November 18, 2009, SummitBridge and Kendall Printing Company, Kendall Land Company, LLC, and Mark Kendall, stipulated to the appointment of a receiver for Kendall Printing Company in Weld County District Court Case No. 2009CV1103. The order appointing receiver was entered November 19, 2009.

**Response:** Admitted.

18. On November 25, 2009, SummitBridge filed a motion for issuance of a pre-judgment writ of attachment against Mark A. Kendall in Weld County District Court Case No. 2009CV1103.

**Response:** Admitted.

19. On March 24, 2010, J.Kendall recorded a warranty deed (the "March 2010

Deed"), purporting to transfer the House from J. Kendall to a Trust.  This transaction was voided by the Court in Adversary No. 10-1710.

**Response:    Admitted.**

20. The term "actual fraud" in §523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation.

**Response:    Denied.**

21. The recipient of a fraudulent transfer who has the requisite intent also commits fraud and can obtain assets by his or her participation in the fraud.

**Response:    Denied in that this oversimplifies the concept of fraudulent transfer and eviscerates the numerous defenses which can be asserted.**

22. If the recipient later files for bankruptcy, any debts traceable to the fraudulent conveyance are nondischargable under §523(a)(2)(A).

**Response:    Denied.**

23. By her knowing and intentional participation in the actual fraud perpetrated by her husband, M.Kendall,  J.Kendall obtained assets in the transactions set aside in both Adversary No. 10-1710-MER and Adversary No. 12-1486-MER.

**Response:    Denied that her participation was knowing and intentional, admitted that the transfers were set aside.**

24. Pursuant to 11 U.S.C. § 523(a)(2)(A) a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from any debt for money obtained by actual fraud.

**Response:    Admitted that this is what 523(a)(2)(A) says.**

25. Debtor J.Kendall is not entitled to a discharge of the judgments entered against J.Kendall in Adversary No. 10-1710-MER and Adversary No. 12-1486-MER based on her involvement in the fraudulent conveyances that gave rise to those judgments.

**Response:    Denied.**

### 11 U.S.C. § 523(a)(6)

26. On or about June 2, 2014, Joli A. Lofstedt, Successor Chapter 7 trustee ("Trustee") of the bankruptcy estate (the "Estate") of Mark A. Kendall ("Debtor"), Janet K. Kendall and Mark Kendall (collectively the "Kendalls") entered into an "Agreement Regarding Vacation of 5436 West Seventh Street Road, Greeley, CO  80634" in which the parties agreed to certain terms regarding the Kendalls' orderly vacation of 5436 West 7th Street Road, Greeley, CO 80634 (the "Property").  A copy of the Agreement is Exhibit 1.

**Response:    Admitted.**

27. Paragraph 8.c. of the Agreement states:

6

>The Kendalls agree to be financially responsible for any damage they cause to the Property while they continue to reside therein and, to that end, will provide a $3,000 security deposit. Even though regular wear and tear is not included in this provision, the Kendalls must move out with all due care. Moreover the security deposit may be. used to pay for cleaning carpets one time prior to June 12, 2014, as necessary during showings of the Property between June 12, 2014 and tbe Kendalls' vacation of the Property, and, if necessary, one time immediately following the Kendalls' vacation of the Property.

**Response:    Admitted.**

  28. Paragraph 8.d. of the Agreement states:

>Even if not specified herein, the Kendalls will not take any action potentially detrimental to the· House or·its value·- such as but not limited to cancelling .utility services, cancelling regular maintenance, or delaying repairs and maintenance necessary to prevent damage to the Property -without first consulting Trustee and receiving Trustee's written permission.

**Response:    Admitted.**

  29. Paragraph 8.k. of the Agreement states:

>The Kendalls will maintain, at their own expense, all interior and exterior landscaping.

**Response:    Admitted.**

  30. Paragraph 8.l. of the Agreement states:

>The Kendalls agree to use their best efforts to prevent their pets from damaging carpets and floors in the Property and to ensure that their pets do not relieve themselves inside. Trustee understands, however, that one of the Kendalls' dogs is elderly, so even best efforts may not be enough to prevent all inside "accidents." So long as the Kendalls remain financially responsible for all damage to the property caused by their dogs, use their best efforts to prevent as many pet "accidents" as possible and use their best efforts to clean and remediate accidents when they happen, the occurrence of pet accidents will not be considered a breach of this Agreement by Trustee.

**Response:    Admitted.**

  31. The Kendalls remained in the house until July 21, 2014.

**Response:    Admitted.**

  32. Notwithstanding the Kendalls agreements as stated in part above, upon the Kendalls leaving the house the Trustee discovered the house was in poor condition, full of trash, with the floor and carpet saturated in a smelly substance or urine and not in a saleable condition.

**Response:    Denied.**

33. The Trustee had to remove certain carpeting from the house because of the condition in which the carpeting was left. In addition, the Trustee was advised of other repairs including mold remediation.

**Response: The Defendant has insufficient facts to either admit or deny this allegation.**

34. The house at 5436 West 7th Street Road, Greeley, CO 80634 was transferred to SummitBridge Credit Investments LLC pursuant to the Order Granting Trustee's Motion to Approve Compromise Under FED.R.BANKR.P. 9019 and for Order Authorizing Sale of Property under 11 U.S.C. § 363 entered November 10, 2014, in Case No. 10-29564 MER, Doc#: 211.

**Response: Admitted.**

35. Pursuant to 11 U.S.C. § 523(a)(6) a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to the property of another.

**Response: Admitted.**

36. J.Kendall's actions in damaging the house prior to vacating the house and surrendering possession to the Trustee were willful and malicious and injured and damaged property of the Estate.

**Response: Denied.**

37. Subsequent to the Order entered November 10, 2014, SummitBridge has spent thousands of dollars, the exact amount to be proven at trial, repairing the injury and damage done to the Property and remediating the injury and damage done to the Property prior to its surrender to the Trustee.

**Response: The Defendant has insufficient facts to either admit or deny this allegation, but denies that this damage was done to the property by Defendants in the degree herein stated. .**

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses on information

and belief:

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE FACTS SUFFICIENT TO CONSTITUTE A CASE OF ACTION

Without admitting any allegations of the Complaint, Defendant alleges that the Complaint

fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### LACHES

Without admitting any allegations of the Complaint, Defendant alleges that Plaintiff's inexcusable and unreasonable delay in filing and serving this action has operated to the determent and prejudice of Defendant, and as a consequence thereof, Plaintiff's rights are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
## COMPARATIVE FAULT OF PLAINTIFF

The damages, if any, for which Plaintiff seeks relief were proximately caused in whole or in part by Plaintiff's own negligent or willful acts or omissions and Defendant is in no way responsible for such acts, omissions, or failures.

## FOURTH AFFIRMATIVE DEFENSE
## COMPARATIVE FAULT OF THIRD PARTIES

The damages for which Plaintiff seeks relief were proximately caused, if at all, in whole or in part by third parties' negligent or willful acts or omissions and Defendant is in no way responsible for such acts, omissions, or failures.

## FIFTH AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE OR AVOID DAMAGES

Without admitting any allegations of the Complaint, Defendant alleges that the Plaintiff was capable of mitigating damages but failed to do so.

## SIXTH AFFIRMATIVE DEFENSE
## ESTOPPEL

Plaintiff has engaged in conduct and actions and/or entered into agreement(s) sufficient to estop it from bringing the causes of action asserted against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
## WAIVER

Plaintiff's claims against this answering Defendant are barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE
## RELEASE

Plaintiff released Defendant from any liability for damages arising out of the events alleged in the first amended complaint herein, which damages are hereby denied, thereby barring and/or precluding Plaintiff from any recovery from Defendant.

## NINTH AFFIRMATIVE DEFENSE

## UNJUST ENRICHMENT

Plaintiff would be unjustly enriched if it recovered from this answering Defendant any of the damages alleged in the first amended complaint.

## TENTH AFFIRMATIVE DEFENSE

## UNCLEAN HANDS

Plaintiff's purported claims against Defendant are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

## PERFORMANCE

Without admitting any allegations of the Complaint, Defendant alleges that they have performed all of the conditions of the contract on its part to be performed.

## TWELFTH AFFIRMATIVE DEFENSE

## FAILURE TO PERFORM

Without admitting any allegations of the Complaint, Defendant alleges that any failure of Defendant to perform their obligations under the contract described in the Complaint resulted from the Plaintiff's failure to perform as required by the terms of the contract sued on, and that performance on the Plaintiff's part of this obligation was a condition precedent to, or concurrent condition with, the performance of Defendant's obligation.

## THIRTEENTH AFFIRMATIVE DEFENSE

## PLAINTIFF'S OWN ACTIONS

Defendant alleges as an affirmative defense that to the extent the estate has suffered any damages, such damages were proximately and directly caused or contributed to by the failure of the Trustee to act diligently and with reasonable care for the interests of the estate. As such, the damages, if any, suffered by the estate should be diminished in proportion to the amount of fault attributable to their conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

## REASONABLE EFFORTS

The answering Defendant, at all times, acted in good faith and did not, directly or indirectly, know, induce, or in any way participate in any wrongful act or acts as alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

## LACK OF RELIANCE

Plaintiff did not rely on any representations made by Defendant in undertaking any of the conduct alleged in the Complaint, and if there was any such reliance, then said reliance was unjustified or unreasonable.

## SIXTEENTH AFFIRMATIVE DEFENSE

## BREACH

Without admitting any allegations of the Complaint, Defendant alleges that Plaintiff's action was automatically barred pursuant to Plaintiff's own breach of terms and conditions of the contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## INDEPENDENT CONDUCT

Without admitting any allegations of the Complaint, Defendant alleges that if the Plaintiff was damaged in the manner set forth in the Complaint, Plaintiff's injuries were caused solely by the action of some other third parties other than Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## SUBSEQUENT RATIFICATION

Without admitting any allegations of the Complaint, Defendant alleges that Plaintiff has ratified and confirmed the acts and omissions of which they now complain, and Plaintiff is therefore not entitled to the relief prayed for or for any relief whatsoever.

## NINETEENTH AFFIRMATIVE DEFENSE

## RES JUDICATA AND COLLATORAL ESTOPPEL

Without admitting any allegations of the Complaint, Defendant alleges that Plaintiff's Complaint, and all claims therein, are barred by the doctrines of *res judicata* and *collateral estoppel*.

## TWENTIETH AFFIRMATIVE DEFENSE

## ACCORD AND SATISFACTION

Without admitting any allegations of the Complaint, Defendant alleges that Plaintiff's Complaint, and all claims therein, are barred by the doctrine of accord and satisfaction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendant reserves the right to amend this Answer as additional facts are discovered.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

## SET OFF

Defendant alleges as an affirmative defense that Defendants are entitled to a set off for all amounts transferred to the debtors pursuant to 11 U.S.C. §553.

WHEREFORE, Defendant Janet Kendall prays for relief as follows:

1.  That Plaintiff take nothing by its Complaint herein;

2.  That Plaintiff's Complaint be dismissed with prejudice;

3.  That Defendant be awarded its costs and reasonable attorneys' fees; and

4.  That the Court grant Defendant such further and additional relief as the Court

DATED this 29th day of August, 2016.

    Respectfully submitted,
    BKN MURRAY, LLP.

    /s/ *Michael J. Davis*
    Michael J. Davis, Atty. Reg. No. 44287
    6795 East Tennessee Avenue, Suite 330
    Denver, Colorado 80224
    Tel: 303-758-5100
    Fax: 303-758-5055
    mdavis@bknmurray.com

    ATTORNEYS FOR THE MOVANTS

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 29th day of July, 2016, a true and correct copy of the foregoing ANSWER OF JANET KENDALL TO COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT was served via PACER and/or United States Mail, first- class postage pre-paid thereon, and addressed to the parties identified below:

Andrew M. Toft
Attorney for SummitBridge Credit
Investments LLC
1129 E. 17th Avenue
Denver, CO 80218-1522
(303) 436-0980

                                              *Michael J. Davis*
                                              Michael J. Davis