## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-17425-TBM |
| Stephen & Cynthia Beers ) | |
| Debtors ) | Chapter 7 |
| ) | |
| ) | |
| ) | |
| ) | |
| MacArthur Co. ) | Adversary Case No. 15-01401-TBM |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Stephen & Cynthia Beers, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

### ANSWER TO COMPLAINT TO DETERMINE DEBT AND DISCHARGEABILITY OF DEBT AND OBJECTION TO DEBTORS' DISCHARGE

Stephen and Cynthia Beers (hereinafter referred to as "Debtors"), pursuant to 11U.S.C. §523(a)(4), submits the following Answer to Complaint to Determine Dischargeability and Objection to Debtors' Discharge and in support thereof, does state as follows:

### STATEMENT OF JURISDICTION

1. Admitted .

2. Admitted.

3. Admitted.

### FACTUAL ALLEGATIONS

4. Admitted.

5. Debtors have insufficient information to either admit or deny this allegation.
.
6. Admitted.

-6-

7. Admitted.

8. Admitted.

9. Admitted.

10. Debtors deny that they purchased product from Plaintiff, but have insufficient information as to what the term "agreement" refers to.

11. Debtors admit that Plaintiff provided materials, supplies and goods to and at the request of Beers Insulation, Inc., but have insufficient information to admit or deny what the "agreement" was.

12. Debtors admit that materials, supplies and goods provided by Plaintiff were used by Beers Insulation, Inc. to benefit some of the properties listed on the attached "Exhibit B" to the Complaint, but have insufficient information to either admit or deny whether all the properties listed received a benefit.

13. Denied that Defendants Stephen Beers and Cynthia Beers received monies from the owners of the Subject Properties or project general contractors including amounts for materials, supplies and goods supplied by Plaintiff MacArthur for the Subject Properties. Admitted as to the rest.

14. Denied that Defendants Stephen Beers and Cynthia Beers did not pay Plaintiff MacArthur the amounts owed for materials supplied on the Subject Properties out of the funds received from the owners and general contractors.

15. Denied that Defendants Stephen Beers and Cynthia Beers admitted at the §341 Meeting of Creditors that the monies received from the owners of the Subject Properties were diverted to other projects, that monies "went into a general fund," were used to "fund other jobs," and "pay [other] vendor invoices, material invoices and/or taxes, payroll, etcetera..." rather than being used to pay balances due and owing to Plaintiff MacArthur.

**FIRST CLAIM FOR RELIEF**

16. Debtors incorporate by this reference all allegations as set forth above.

17. Denied.

18. Admitted that Section 38-22-127, C.R.S. creates an express trust for the benefit of the property owner and materials supplier. Admitted that Debtors acted in a fiduciary capacity with regard to the funds obtained from the owners of the Subject Properties and general contractors on behalf of Plaintiff MacArthur.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## SECOND CLAIM FOR RELIEF

24. Debtors incorporate by this reference all allegations as set forth above

25. Admitted.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

## THIRD CLAIM FOR RELIEF

30. Debtors incorporates by this reference all allegations as set forth above.

31. Denied.

32. Admitted.

33. Denied..

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

WHEREFORE, Debtors requests that this case be dismissed and for such other relief as this court sees fit to grant.

## AFFIRMATIVE DEFENSES

1. Beers Insulation Inc, ("Beers") ordered product from Plaintiff on a per job basis.

2. Beers would order product through jobs that were named by Beers.

3. Plaintiff would bill Beers for the jobs by different names than Beers used.

4. Beers, through the Debtors, would constantly have to communicate with Plaintiff regarding the inability to discern which bills were for which jobs because of the difference in job names.

5. Debtors would also have to constantly communicate with Plaintiff regarding incorrect invoicing.

6. Debtors cannot discern on the book and records of Beers which jobs are owed money because of the inaccurate, misnamed, and incorrect billing figures submitted by Plaintiffs.

7. Without admitting any allegations of the Complaint, Debtors allege that the Complaint fails to state facts sufficient to constitute a cause of action.

8. The damages, if any, for which Plaintiff seeks relief were proximately caused in whole or in part by Plaintiff's own negligent or willful acts or omissions and Debtors are in no way responsible for such acts, omissions, or failures.

9. The damages for which Plaintiff seeks relief were proximately caused, if at all, in whole or in part by third parties' negligent or willful acts or omissions and Debtors are in no way responsible for such acts, omissions, or failures.

10. Without admitting any allegations of the Complaint, Debtors allege that the Plaintiff was capable of mitigating damages but failed to do so.

11. Plaintiff has engaged in conduct and actions and/or entered into agreement(s) sufficient to estop it from bringing the causes of action asserted against Debtors.

12. Plaintiff's purported claims against Debtors are barred by the doctrine of unclean hands.

13. Without admitting any allegations of the Complaint, Debtors allege that they have performed all of the conditions of the contract on its part to be performed.

14. Without admitting any allegations of the Complaint, Debtors allege that any failure of Debtors to perform their obligations resulted from the Plaintiff's failure to perform as required, and that performance on the Plaintiff's part of this obligation was a condition precedent to, or concurrent condition with, the performance of Debtors obligation.

15. Debtors allege as an affirmative defense that to the extent the Plaintiff has suffered any damages, such damages were proximately and directly caused or contributed to by the failure of the Plaintiff to act diligently and with reasonable care for their own interests.  As such, the damages, if any, suffered by the Plaintiff should be diminished in proportion to the amount of fault attributable to their conduct.

16. The answering Debtors, at all times, acted in good faith and did not, directly or indirectly, know, induce, or in any way participate in any wrongful act or acts as alleged in the Complaint.

17. Without admitting any allegations of the Complaint, Debtors allege that Plaintiff's action was automatically barred pursuant to Plaintiff's own breach of terms and conditions of the agreement.

18. Without admitting any allegations of the Complaint, Debtors allege that if the Plaintiff was damaged in the manner set forth in the Complaint, Plaintiff's injuries were caused solely by the action of some other third parties other than Defendant.

19. Without admitting any allegations of the Complaint, Debtors allege that Plaintiff has ratified and confirmed the acts and omissions of which they now complain, and Plaintiff is therefore not entitled to the relief prayed for or for any relief whatsoever.

20. Without admitting any allegations of the Complaint, Debtors allege that Plaintiff's Complaint, and all claims therein, are barred by the doctrine of accord and satisfaction.

21. Defendant reserves the right to amend this Answer as additional facts are discovered.

22. Defendant alleges as an affirmative defense that Defendants are entitled to a set off for all amounts transferred to the Plaintiff's.

Dated: November 10, 2015

/s/ Michael J. Davis
One of the Attorneys
Michael J. Davis
BKN Murray LLP
Denver, Colo. 80224
720-361-6036
mdavis@bknmurray.com

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I served a true and correct copy of the foregoing of the Answer to Complaint to Determine Debt and Dischargeability of Debt and Objection to Debtors' Discharge by first class mail or electronically, postage prepaid this 10th day of November, 2015 addressed as follows:

Jean Arnold
ARNOLD & ARNOLD, LLP
Attorneys for Plaintiff MacArthur Co.
7691 Shaffer Parkway, Suite A
Littleton, CO 80127
720-962-6010 /
Fax: 720-962-6011
 jeanarnold@amoldarnold.com