UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>JOSHUA JEREMY GUBSER,<br><br>Debtor. | Bankruptcy Case No. 16-10713 TBM<br><br>Chapter 7 |
| PROFESSIONAL POWER, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA JEREMY GUBSER,<br><br>Defendant. | Adversary Proceeding No. 16-01070 TBM |
| JOSHUA JEREMY GUBSER,<br><br>Third Party Plaintiff,<br><br>v.<br><br>MICHAEL PALECKI,<br><br>Third Party Defendant. | Adversary Proceeding No. 16-01070 TBM |

**DEFENDANT/THIRD PARTY PLAINTIFF'S BRIEF IN SUPPORT OF THIS COURT'S JURISDICTION OVER THE THIRD PARTY COMPLAINT**

Defendant/Third Party Plaintiff Joshua Jeremy Gubser ("Gubser"), by and through Counsel, Michael J. Davis of BKN Murray, LLP, submits this Brief in Support of This Court's Jurisdiction over the Third Party Complaint and in support thereof states as follows:

**INTRODUCTION**

Gubser and his spouse filed a voluntary petition for Chapter 7 bankruptcy on January 29, 2016. That case is awaiting discharge. On February 29, 2016, Plaintiff Professional Power, Inc.

1

("Professional Power") filed this adversary proceeding pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6).  Professional Power alleged that Gubser owned and controlled True Form Design and Building ("True Form"), which allegedly subcontracted with Professional Power to provide electrical labor and materials to a home remodel at 895 S. Glencoe Street in Denver, CO, but then failed to pay.  Compl. ¶¶ 8, 10-11.  Prior to the bankruptcy filing, Professional Power obtained a default judgment against Gubser in Denver County Court for $17,367.34 plus post-judgment attorneys' fees, costs, and post-judgment interest.[1]  *Id*. ¶ 17.  Professional Power alleged in the adversary proceeding that its default judgment against Gubser should be declared non-dischargeable on the basis that Gubser converted the funds owed to Profession Power and required to be held in trust under Colorado's mechanic's lien statute, and that he did so with the intent to cause injury to Professional Power.  *Id*. ¶¶ 23, 28-29.

On April 1, 2016, Gubser filed his Answer and Third Party Complaint wherein he stated that he was not the sole owner of True Form and denied having knowledge of the subcontract with Professional Power or the supposed failure to pay.  Answer ¶¶ 8, 10.  Rather, Gubser formed True Form with Defendant Michael Palecki ("Palecki"), and the two men managed and ran their own separate remodel jobs without any involvement from the other.  *Id*. ¶ 8.  In general, Gubser denied the judgment should be declared non-dischargeable because, *inter alia*, he did not intentionally misuse funds owed to Professional Power or participate in any other wrongful acts alleged in the Complaint.  *Id*. ¶¶ 24, 30, (affirmative defenses) ¶¶ 9-10, 13.

The Third Party Complaint alleges, among other things, that Palecki mismanaged jobs, leading to the unprofitability and eventual closure of True Form; that Palecki diverted funds and profitable jobs from True Form to a new entity solely-owned by himself; and that he directed

---

[1] This is based on the Complaint.  Gubser himself has insufficient knowledge or information to either admit or deny Professional Power's allegation.  Answer ¶ 17.

subconstractors seeking payment on unprofitable jobs (such as, perhaps, Professional Power) to contact Gubser. *Id*. ¶13-16. Palecki answered on May 20, 2016.

The Court, following the pre-trial scheduling conference, requested briefs from Gubser and Palecki on the issue of its subject-matter jurisdiction over the claims raised in the Third Party Complaint. Order of June 30, 2016. The Court has subject-matter jurisdiction over the third party claims because they are "related to" the subject of the bankruptcy case and as such meet the test for 28 U.S.C. § 1334 jurisdiction.[2] In addition, the claims are properly brought under Fed. R. Civ. P. 14, as applied to bankruptcy courts by Fed. R. Bank. P. 7014.

## ARGUMENT

**I.     *The Third Party Claims Are "Related To" The Subject Of The Bankruptcy Case And As Such Meet The Test For 28 U.S.C. § 1334 Jurisdiction*.**

Bankruptcy courts have original, exclusive jurisdiction to determine the dischargeability of certain debt pursuant to 11 U.S.C. § 523(a). *Boucher v. McCarter (In re McCarter)*, 289 B.R. 759, 762 (Bankr. D.N.M. 2002). The question at issue is whether this Court has so-called "related to" jurisdiction over the third party claims pursuant to 28 U.S.C. § 1334(b).[3] *See First Omni Bank, N.A. v. Thrall (In re Thrall)*, 196 B.R. 959, 968 (Bankr. D. Colo. 1996) ("Claims which, in the absence of the bankruptcy petition, could have been brought in a district court or state court are, at most, related to the bankruptcy case.") The test for "related to" jurisdiction in the Tenth Circuit is borrowed from the Third Circuit case *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984).

---

[2] The Order made reference to "11 U.S.C. 1334" but the undersigned assumes this was a scrivener's error.

[3] This brief will limit the analysis to whether this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), but it is Gubser's position as well that this Court also has jurisdiction under section 28 U.S.C. § 1367. *See generally Hospitality Ventures/LaVista v. Heartwood 11, L.L.C.* (*In re Hospitality Ventures/La Vista*), 358 B.R. 462, 471-481 (Bankr. N.D.Ga. 2007) (thoroughly-reasoned opinion holding that section 1367 codified traditional principles of ancillary jurisdiction, under which a district court's authority to refer all bankruptcy matters to the bankruptcy judge extends to a claim which may not have an independent jurisdictional basis under 28 U.S.C. § 1334 but nevertheless has a nexus with a primary claim arising under the Bankruptcy Code).

> Under *Pacor*, a claim is related to a bankruptcy case if its outcome <u>could conceivably have any effect</u> on the estate being administered. If the outcome could alter a debtor's rights, liabilities, options or freedom of action in any way, thereby impacting the handling and administration of the bankruptcy estate, the bankruptcy court has jurisdiction over the claim as a related, non-core matter.

*Id.* at 969 (citing *Gardner v. U.S. (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990)) (emphasis added). This is commonly the case when the third party complaint involves the debtor or bankruptcy trustee, either as third party plaintiff or third party defendant. *Securities Investor Protection Corp. v. Murphy (In re Selheimer & Co.)*, Memorandum Opinion and Order, 04-0669, p.5 (Bank. E.D.Pa. 2005) (Raslavich, J.), January 20, 2005.

In this case, the third party claims will undoubtably have an effect on the bankruptcy estate. Gubser is claiming monetary damages against Palecki "in an amount to compensate it for its [*sic*] losses," treble damages on certain claims, and costs and attorney fees plus interest.[4] Answer (final page) ¶¶ 1-3. If Gubser were successful on his third party claims, his recovery would add to the bankruptcy estate and, as a result, the potential sources of payment to creditors. As such, the possibility of recovery on the third party complaint enhances the Trustee's options and freedom of action, *Thrall, supra*, in addition to enhancing the collectability of Plaintiff's putative judgment against Gubser. *Accord Hawkins v. Eads (In re Eads)*, 135 B.R. 387, 393 (Bankr. E.D.Cal. 1991) (finding that the relatedness test under section 1334(b) was satisfied under similar circumstances).

In sum, because Gubser's third party claims are "related to" the bankruptcy case—meaning the outcome could conceivably have an effect on the administration of the bankruptcy estate—this Court has subject matter jurisdiction to hear them.

---

[4] The Tenth Circuit has held that bankruptcy courts have jurisdiction to enter monetary judgments. *In re Lang*, 293 B.R. 501, 516 (10th Cir. B.A.P. 2003). At the pre-trial scheduling conference, the parties consented to the Court entering final judgment in the case.

II. ***The Third Party Claims Are Properly-Brought Under Fed. R. Civ. P. 14, As Applied To Bankruptcy Courts By Fed. R. Bank. P. 7014.***[5]

Gubser filed his Third Party Complaint pursuant to Fed. R. Civ. P. 14, otherwise known as "impleader," as incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7014, Fed. R. Bank. P. Rule 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." *Accord Boucher*, 289 B.R. at 763. "The purpose of rule 14 is to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983).

> Rule 14 should be liberally construed so as to (i) save the time and expense of duplication of evidence, (ii) obtain consistent results from similar evidence, and (iii) avoid any handicap a defendant may suffer between the time of entry of a judgment against him and the time of entry of one in his favor against one secondarily liable.

*Gulf Insurance Group v. Narumanchi (In re Narumanchi)*, 221 B.R. 311, 316 (Bkrtcy. D.Conn. 1998) (citing *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959). Courts have discretion concerning the permissibility of third party actions under Rule 14. *Boucher*, 289 B.R. at 762.

While some courts have questioned whether a third party defendant could ever be secondarily liable in a pure dischargeability action, *e.g., id.* at 763, still others have left open the possibility that certain circumstances would create the right scenario. For example, Bankruptcy Judge Dabrowski in the District of Connecticut stated that "one could construct a scenario under which a party might be secondarily liable to the [debtors] in connection with a judgment of non-

---

[5] The Court's Order did not request briefing on this issue and Gubser believes that the analysis above concerning section 1334 jurisdiction is dispositive of the question presented. Rule 14 is strictly procedural and does not confer jurisdiction. *Boucher*, 289 B.R. at 762. However, Gubser is aware that Palecki raised Fed. R. Civ. P. 14 as a defense in his Answer to Third Party Complaint, and he is likely to raise the same in his brief concerning 1334 jurisdiction. Therefore, the discussion included herein will hopefully avert the need for a reply brief.

5

dischargeability for the use of a false financial statement. For example, if the [debtors] alleged that another entity compelled them to provide false financial statements, then they might state an appropriate third-party claim ….." *Narumanchi*, 221 B.R. at 315.

In this case, under the Third Party Complaint, Palecki's liability is indeed derivative of Professional Power' claims against Gubser. As discussed above, Gubser is seeking damages against Palecki "in an amount to compensate it for its [*sic*] losses." Answer (final page) ¶¶ 1-3. Through his third party claims, Gubser seeks to establish that (1) if anyone is liable to Plaintiff, it is Palecki, and (2) those claims have already been settled. The allegations in Gubser's Answer and Third Party Complaint make it clear that he was not involved in the Glencoe Avenue remodel and that Palecki is responsible for the losses claimed by Plaintiff. *Id.* ¶¶ 27, (affirmative defenses) ¶¶10, 16. In addition, Gubser alleges that Plaintiff entered into agreements with Palecki that estop it from bringing claims against Gubser. *Id.* ¶¶ 7, 11. As such, Gubser has served a complaint on a party (Palecki) who may be liable for all or part of Plaintiff's claims against Gubser, in compliance with Fed. R. Civ. P. 14.

Moreover, maintaining the third party claims serves to accomplish an efficient resolution of all claims involved. While Plaintiff's claims appear to concern only the Glencoe Avenue remodel, Gubser's defenses and affirmative defenses implicate the same issues as the third party claims. For instance, in order to adjudicate the nondischargeability questions, the Court will be called on to adjudicate the relationship between Gubser and Palecki as it concerned authority over subcontracts for various jobs and other related matters. Combining these issues both in discovery and at trial would save time and expense and would reduce the likelihood of inconsistent results were Gubser required to raise his claims against Palecki in state court.

6

In sum, Gubser properly raised the third party claims in this case under Rule 14. [6]

## CONCLUSION

For the foregoing reasons, Gubser prays that the Court will find it has jurisdiction over the Third Party Complaint and award what further relief the Court deems appropriate.

Dated: July 14, 2016.  Respectfully submitted:

*s/Michael J. Davis*
By: _____
Michael J. Davis
BKN Murray, LLP
6795 E. Tennessee Ave., Ste. 330
Denver, CO 80224
P: (720) 361-6036
F: (303) 758-5055
E: mdavis@bknmurray.com

---

[6] In the alternative, Gubser wishes to preserve his indespensible party/rule 19 joinder defense under Fed. R. Civ. P. 19, as applied to bankruptcy adversary proceedings, Fed. R. Bankr. P. 7019. Dismissal of Palecki as a party in this action would result in fundamental unfairness to Gubser for the reasons outlined above and in the Answer and Third Party Complaint.

## CERTIFICATE OF SERVICE

      I hereby certify that on July 14, 2016, a copy of the foregoing BRIEF IN SUPPORT OF THIS COURT'S JURISDICTION OVER THE THIRD PARTY COMPLAINT was filed and served electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

Dated: July 14, 2016.

                                      Respectfully submitted:

                                         *s/Michael J. Davis*
By: _____
Michael J. Davis
BKN Murray, LLP