UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>JOSHUA JEREMY GUBSER<br><br>Debtor. | Case No. 16-10713 TBM<br><br>Chapter 7 |
| PROFESSIONAL POWER, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA JEREMY GUBSER<br><br>Defendant. | Adv. Pro. No. 16-01070 TBM |
| JOSHUA JEREMY GUBSER,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MICHAEL PALECKI,<br><br>Third-Party Defendant | Adv. Pro. No. 16-01070 TBM |

**OBJECTION TO DEFENDANT / THIRD PARTY PLAINTIFF'S MOTION FOR DISMISSAL OF THIRD PARTY CLAIMS WITHOUT PREJUDICE**

Third-Party Defendant, Michael Palecki ("Palecki"), submits this Objection to Defendant / Third Party Plaintiff's Motion for Dismissal of Third Party Claims Without Prejudice (this "Objection") and states as follows:

BACKGROUND

On January 29, 2016, Debtor Joshua Gubser filed bankruptcy under Chapter 7 of Title 11 of the United States Code, commencing Bankruptcy Case No. 16-10713-TBM (the "Bankruptcy Case"). On February 29, 2016, Plaintiff Professional Power, Inc. ("PPI") filed its Complaint to Determine Dischargeability of Debt commencing the instant Adversary Proceeding (the "Complaint").

On April 1, 2016, Gubser filed his Answer and Third-Party Complaint (the "Third-Party Complaint"). Among other things, the Third-Party Complaint alleges that, prior to Gubser filing bankruptcy, he and Palecki owned True Form Design and Building, Inc. ("True Form") and that Palecki is liable for a default judgment entered against Gubser in favor of PPI in Case No. 2015C68611 in the County Court of the City and County of Denver (the "Denver Lawsuit"). The Denver Lawsuit related to amount allegedly owed under a contract between True Form and PPI for PPI to provide labor and materials to a home remodel. The Third-Party Complaint further alleges that Palecki is liable to Gubser for other alleged damages to True Form. *See* Docket No. 4 at ¶¶ 5-44.

Neither Gubser's Statement of Financial Affairs or Schedules filed in the Bankruptcy Case disclose any of his claims against Palecki that are raised in the Third-Party Complaint. As of the date of this Objection, Gubser has not amended his Statement of Financial Affairs or Schedules to disclose such claims.

On May 5, 2016, Palecki's counsel contacted Gubser's counsel, Mike Davis, to request an extension of time to review issues raised in the Third-Party Complaint. Mr. Davis did not oppose the extension, and on May 6, 2016, this Court entered its Order extending the deadline for Palecki to answer or otherwise respond to the Third-Party Complaint through May 20, 2016.

By letter dated May 12, 2016, and emailed to Mr. Davis, Palecki's counsel demanded that Gubser withdraw the Third-Party Complaint pursuant to Federal Rule of Bankruptcy Procedure 9011 (the "Rule 9011 Letter"). The Rule 9011 Letter demanded that the claims against Palecki are frivolous and unwarranted based on existing law for three reasons. First, the Third-Party Complaint raises claims unrelated to the claims PPI brings against Gubser in the Complaint and thus not properly brought under Fed. R. Civ. P. 14 and Fed. R. Bankr. P. 7014, for which the core purpose is to implead third-parties that may be liable for claims brought by a plaintiff. Second, to the extent the Third-Party Complaint alleges that Palecki is liable for the default judgment entered in the Denver Lawsuit, PPI had previously released Palecki from all liability related to its claims raised in that case. Third, Gubser lacks standing to assert the claims raised in the Third-Party Complaint due to the fact that all of alleged conduct by Palecki and alleged damages occurred prior to Gubser filing bankruptcy. The claims raised in the Third-Party Complaint are therefore an asset of Gubser's bankruptcy estate to be administered by the duly appointed chapter 7 trustee.

To enable sufficient time to review the foregoing issues Palecki's counsel requested a further extension of the deadline for Palecki to answer or respond to the Third-Party Complaint in order to avoid further legal costs. Palecki's counsel received no response to the Rule 9011 Letter, or to the request for an additional extension of the deadline to respond to the Third-Party Complaint. On May 20, 2016, Palecki filed his Answer to the Third-Party Complaint (the "Answer"). In general, the Answer denies that Palecki was an owner of True Form, is liable for the default judgment entered in the Denver Lawsuit, or caused other damages to True Form. *See* Docket No. 13 at ¶¶ 5-44. The Answer further states that the claims in the Third-Party Complaint are presented for an improper purpose and that Palecki seeks an award of his attorney's fees and costs incurred as a direct result of the instant litigation. *Id.* at 5, ¶ 10.

The Court subsequently set a Scheduling Conference for June 30, 2016. On June 23, 2016, PPI, Gubser, and Palecki submitted their Joint Report Pursuant to Fed. R. Bankr. P. 7026. In the

Joint Report all parties consented to this Court's jurisdiction. At the Scheduling Conference the Court ordered that Gubser file a brief by July 14, 2016, on the issue of whether the Court has jurisdiction to rule on the claims raised in the Third-Party Complaint outside of whether Palecki is liable to Gubser for the default judgment entered in the Denver Lawsuit.

On July 14, 2016, Gubser's counsel informed Palecki's counsel by email that Gubser would dismiss the Third-Party Complaint and proceed to commence suit against Palecki in another venue. Counsel for Palecki responded that, due to the costs incurred by Palecki in defending himself in the instant litigation, Palecki would oppose any such motion to dismiss absent Gubser stipulating to <u>either</u> dismiss the case with prejudice <u>or</u> pay Palecki's attorney's fees and costs incurred as of that date.

On July 14, 2016, Gubser filed his Brief in Support of this Court's Jurisdiction Over the Third-Party Complaint (the "Brief"). The Brief argued that the Court does have jurisdiction to rule on all claims raised in the Third-Party Complaint, but the Brief does not cite or analyze *Stern v. Marshal* or its subsequent line of cases.

On July 29, 2016, Gubser filed his Motion For Dismissal of Third Party Claims Without Prejudice (the "Dismissal Motion"). The Dismissal Motion argues that the Third-Party Complaint should be dismissed without prejudice because it will not prejudice to Palecki. To reach this conclusion Gubser argues that dismissal is necessary because Fed. R. Civ. P. 14 is meant to implead third-parties which may be liable for a plaintiff's claims, but the Third-Party Complaint seeks to recover on claims beyond the damages alleged by PPI's Complaint. *See* Motion at 3-5. Gubser further cites that Palecki's Answer raised affirmative defenses to any liability and thus Gubser argues that there is an unfair result which may occur if he does not prevail on his claims and would not be able to bring the claims again in another lawsuit. *See id.* at 4. The Dismissal Motion further asserts that Gubser is not seeking to dismiss the Third-Party Complaint solely to avoid judgment on the merits in light of affirmative defenses raised by Palecki. *See id.* Gubser also argues that there will be no prejudice to Palecki because (i) Gubser assumes Palecki's expenses are minimal; and (ii) Gubser has not committed excessive delay or lack of diligence because the issue of dismissing Gubser's claims beyond liability to PPI has not arisen prior to now.

Palecki will file a motion seeking an award of attorney's fees and costs in this litigation pursuant to Fed. R. Bankr. P. 9011 contemporaneously with this Objection.

OBJECTION

Palecki does not oppose dismissal of the Third-Party Complaint, so long as dismissal is with prejudice to Gubser raising the same claims in subsequent litigation. However, dismissal of this matter without prejudice to Gubser raising the same claims in subsequent litigation should be denied. Gubser has failed to adequately explain why dismissal without prejudice is necessary other than to avoid judgment on the merits or why he failed to withdraw or amend the Third-Party Complaint prior to now. Furthermore, Palecki has incurred significant attorney's fees and costs in defending himself in this matter, attempted to confer with Gubser prior to incurring legal expenses regarding withdrawal of the exact claims at issue in the Dismissal Motion, and has consented to the Court's jurisdiction to rule on the issues raised in the Third-Party Complaint and Answer.

Fed. R. of Civ. P. 41(a)(2) governs voluntary dismissals after the opposing party has filed an answer. Rule 41(a)(2) is designed "primarily to prevent voluntary dismissals which unfairly affect the other signed, and to permit the imposition of curative conditions." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). "When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Id.* Prejudice to an opposing party may be shown by "practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Brown v. Baeke*, 413 F.3d 1124, 1124 (10th Cir. 2005) (internal quotation marks and citations omitted).

Here, most notably excessive delay and lack of diligence justify denying dismissal of the Third-Party Complaint without prejudice. Gubser argues that dismissal without prejudice is necessary because a determination on the merits of Palecki's affirmative defenses may preclude Gubser from bringing suit on the same claims later if he isn't successful in the instant matter. *See* Dismissal Motion at 3-5. To reinforce this point Gubser highlights that the core purpose of Fed. R. Civ. P. 14 is implead third-parties which may be liable for a plaintiff's claims, but the Third-Party Complaint actually raises claims not related to liability for damages alleged in PPI's Complaint. *See id.* at 3-4. Apparently, Gubser concedes that those claims are not properly brought under Fed. R. Civ. P. 14. The Rule 9011 Letter raised this exact issue to Gubser and his counsel on May 12, 2016, and the Dismissal Motion has failed to offer any explanation for why Gubser waited until now to address the issue.

Similarly, neither does the Dismissal Motion adequately explain the need for dismissal without prejudice. As described above, Gubser has asserted that dismissal without prejudice is necessary because Palecki has raised affirmative defenses which, if determination on the merits is reached, may preclude Gubser from raising the same claims again. Gubser fails to explain how this risk was not inherently present when he brought the Third-Party Complaint, or when he received the Rule 9011 Letter prior to forcing Palecki to investigate the claims, file his Answer or attend the pre-trial conference. Palecki has incurred significant legal expenses through litigating this matter and is prepared to litigate his affirmative defenses on the merits. Gubser should not be allowed to dismiss the Third-Party Complaint without prejudice at this stage based on no more than risks of which Gubser has at all times aware.

Wherefore, Palecki prays for an Order of the Court denying the Defendant / Third Party Plaintiff's Motion for Dismissal of Third Party Claims Without Prejudice and for such further relief as the Court deems proper.

DATED this 12th day of August, 2016

                                           MILLER & LAW, P.C.

                                           */s/ David M. Little*
                                           David M. Little, #43779
                                           1900 W. Littleton Blvd.
                                           Littleton, Colorado 80120
                                           Telephone:  (303) 722-6500
                                           Facsimile:  (303) 722-9270
                                           dml@millerandlaw.com

                                           *ATTORNEYS FOR MICHAEL PALECKI*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served this 12th day of August, 2016, via CM/ECF notice to all parties registered or otherwise entitled to receive electronic notices.

By/s/David Little