United States Bankruptcy Court
District of Colorado

Professional Power, Inc.,
    Plaintiff
                                            Adv. Proc. No. 16-01070-TBM
Gubser,
    Defendant

## CERTIFICATE OF NOTICE

District/off: 1082-1      User: elefanter            Page 1 of 1      Date Rcvd: Sep 19, 2016
                          Form ID: pdf904            Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 21, 2016.
3pp          +Joshua Jeremy Gubser,    6955 E. 3rd Ave,    Denver, CO 80220-6106
3pd           Michael Palecki,    26595 E, Calhoun Place,    Aurora, Co  80016

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
dft*         +Joshua Jeremy Gubser,    6955 E. 3rd Ave,    Denver, CO 80220-6106
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 21, 2016                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 19, 2016 at the address(es) listed below:
              David Morton Little    on behalf of 3rd Pty Defendant Michael  Palecki dml@millerandlaw.com,
               dmf@millerandlaw.com;brd@millerandlaw.com
              Michael J. Davis    on behalf of 3rd Party Plaintiff Joshua Jeremy Gubser mdavis@bknmurray.com,
               llarson@bknmurray.com
              Michael J. Davis    on behalf of Defendant Joshua Jeremy Gubser mdavis@bknmurray.com,
               llarson@bknmurray.com
              Peter S. Almaas    on behalf of Plaintiff    Professional Power, Inc. palmaas@jacksonkelly.com,
               jadelay@jacksonkelly.com
              Steven T Mulligan    on behalf of Plaintiff    Professional Power, Inc. smulligan@jacksonkelly.com,
               jadelay@jacksonkelly.com
                                                                                             TOTAL: 5

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>JOSHUA JEREMY GUBSER,<br><br>Debtor. | Bankruptcy Case No. 16-10713 TBM<br><br>Chapter 7 |
| PROFESSIONAL POWER, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA JEREMY GUBSER,<br><br>Defendant. | Adversary Proceeding No. 16-01070 TBM |
| JOSHUA JEREMY GUBSER,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MICHAEL PALECKI,<br><br>Third-Party Defendant. | Adversary Proceeding No. 16-01070 TBM |

**ORDER GRANTING MOTION FOR DISMISSAL OF THIRD PARTY CLAIMS
WITHOUT PREJUDICE**

THIS MATTER comes before the Court on the "Defendant/Third Party Plaintiff's Motion for Dismissal of Third Party Claims Without Prejudice" (Docket No. 20, the "Motion"), filed by Joshua Jeremy Gubser ("Gubser") and the Objection thereto (Docket No. 21) filed by the Third Party Defendant, Michael Palecki ("Palecki").

**Background**

Gubser filed for relief under Chapter 7 on January 29, 2016. David E. Lewis was appointed trustee for the Debtor's estate.

1

On February 29, 2016, the Plaintiff, Professional Power, Inc. ("Professional Power"), filed a complaint against Gubser commencing the instant adversary proceeding. In this proceeding, Professional Power seeks to establish that a debt owed to it by Gubser is nondischargeable under 11 U.S.C. § 523(a)(4) and (a)(6).

Gubser filed an Answer and Third Party Complaint on April 1, 2016 (Docket No. 4), setting forth various claims against Palecki, including claims for conversion, civil theft, fraud, breach of fiduciary duty, and breach of duty of loyalty.

Palecki filed his Answer to Third Party Complaint (Docket No. 13) on May 20, 2016, denying the pertinent allegations, asserting various affirmative defenses, and contending, among other things, that (a) Gubser lacked standing to assert the claims raised in the Third-Party Complaint; (b) the claims raised in the Third-Party Complaint were unrelated to the claims raised by Professional Power's Complaint and thus are not properly joined under Fed. R. Civ. P. 14 and Fed. R. Bankr. P. 7014; and (c) Professional Power has released Palecki from all liability with respect to the damages alleged.

The Court held a pre-trial scheduling conference on June 30, 2016 (Docket No. 17) at which it raised the question of whether it had subject matter jurisdiction over the third party claims asserted by Gubser and ordered Gubser to submit briefs to the Court on the issue. Gubser filed his brief on July 14, 2016 (Docket No. 19.) Before the Court could rule on the question of whether it had subject matter jurisdiction, however, Gubser filed the instant Motion. Therein, he asks that the Court dismiss his third party claims against Palecki without prejudice pursuant to Fed. R. Civ. P. 41. In the Motion, Gubser asserts that his claims against Palecki are related to the claims asserted against him by Professional Power, but seems to concede that the Court lacks subject matter jurisdiction to determine all of the claims raised. He states that he seeks dismissal without prejudice so that he can bring the complaint in state court, and contends that Palecki will suffer no prejudice because the matter raised in the complaint have not yet been litigated.

In his Objection, Palecki states that he does not oppose dismissal of the Third-Party Complaint, but asks that the Court dismiss the matter *with prejudice*, arguing that he has been prejudiced by having to expend effort and expense in defending the claims thus far. He further asserts that he raised questions about whether the claims were properly asserted under Rule 14 in a "Rule 9011 Letter" sent May 12, 2016, and contends that Gubser's failure to dismiss the claims until now constitutes excessive delay and lack of diligence which is prejudicial. Palecki states that he intends to file a Motion seeking an award of attorneys' fees and costs pursuant to Rule 9011 contemporaneously with this objection, but had not done so by the date of entry of this Order.

**Standard for Dismissal Under Rule 41**

Rule 41 of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by Rule 7041 of the Federal Rules of Bankruptcy Procedure, provides as follows:

   (a) Voluntary Dismissal.
      (1) By the Plaintiff.

2

> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.. . .
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

In *Ohlander v. Larson*, 114 F.3d 1531 (10th Cir. 1997), the Tenth Circuit held:

> Once a defendant files an answer, as was the case here, a plaintiff may voluntarily dismiss an action only upon order of the court. Fed.R.Civ.P. 41(a)(2). . . . Absent "legal prejudice" to the defendant, the district court normally should grant such a dismissal. . . . . The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation . . . . Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.

114 F.3d at 1536-37 (internal citations omitted).

Thus, the task before the Court is to determine whether Palecki suffered legal prejudice such that dismissal with prejudice is merited.

**Discussion**

As of July 29, 2016, the date on which Gubser filed the Motion, the Court had not held any hearings, aside from the initial pretrial conference. Palecki's counsel had not filed any documents in the case, aside from his Answer to the Third Party Complaint. No significant Court-imposed deadlines or Rules-imposed deadlines had run, and trial was not scheduled until January 24, 2017. Therefore, the Court cannot imagine that Palecki could have spent significant time and effort preparing for trial.

Further, though Palecki suggests that Gubser should have been on notice that the assertion of his claims in his forum was improper under Fed. R. Civ. P. 14, a letter raising concerns about misjoinder would not necessarily alert an opposing party that his claims could not be brought in this forum – just that they should be severed, or dismissed so that they could be asserted in a separate action. But in any event, the Court finds that Gubser's dismissal of the claims was not excessively delayed. If anything, it appears that Gubser moved, fairly promptly after the Court raised questions regarding subject matter jurisdiction, to dismiss the claims.

Under the circumstances, the Court concludes that Palecki has not established that he suffered legal prejudice such that the Complaint should be dismissed with prejudice. Instead, the Court determines that the *Ohlander* factors all counsel in favor of permitting dismissal without prejudice. It is, therefore,

ORDERED that the Motion is GRANTED. Consistent therewith, it is

FURTHER ORDERED that the Third-Party Complaint is DISMISSED without prejudice and Palecki is DISMISSED as a third-party defendant from this action. It is

FURTHER ORDERED the Clerk of the Court shall terminate Palecki as a party to this action. The parties shall update the caption in all future pleadings to reflect Palecki's dismissal.

DATED this 19th day of September, 2016.

BY THE COURT:

*Thomas B. McNamara*
Honorable Thomas B. McNamara
United States Bankruptcy Court Judge