**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | Chapter 12 |
| | ) | |
| NRS Properties, LLC | ) | Case No. 16-10989 TBM |
| | ) | |
| Debtor | ) | |
| | ) | |

## MOTION OF CECIL E. HART II LLC TO DISMISS

    Cecil E. Hart II LLC (CEH) move this Court to dismiss this Chapter 12 case filed by NRS Properties LLC (collectively "Debtors") under 11 U.S.C. §1208(c) for cause, including, but not limited to, gross mismanagement of the estate, continuing diminution of the estate, absence of a reasonable likelihood of rehabilitation, and bad faith and in support thereof states as follows

    1. Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 9, 2016.

    2. The case was converted to a Chapter 12 on March 9, 2016.

    3. The Debtor employed Cynthia Kennedy as its general bankruptcy counsel.

    4. On 6/7/16, the Debtor filed their Chapter 12 Plan. See Plan attached as Exhibit A.

    5. This Court has jurisdiction over the Chapter 12 case and this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2)

    6. This Motion is made pursuant to Fed. R. Bankr. P. 1017(f).

    7. Debtors and CEH are parties to the following:

        a)    Balloon Note (the "Note") executed by Debtor on December 31, 2012, in the original principal amount of $1,153,000, attached as <u>Exhibit B</u>. The Debtor failed to make the payment due on November 10, 2014, or the final payment due on February 15, 2015, required by the terms of the attached Note and Deed of Trust and is in default of those obligations.

        b)    A lien or security interest which arises from a Deed of Trust for the benefit of CEH, who is the current owner of this lien or security interest. Notice of this lien or security interest in the property described in the Deed of Trust (the "Property") was given by recording a Deed of Trust dated December 31,2012, recorded January 10, 2013, under Reception No. 373312, of the

Saguache County, Colorado, records. A copy of the Deed of Trust reflecting the lien of the Creditor is attached hereto as Exhibit C. The CEH security interest covers not only land, but all water and water rights, well and well rights, then owned or hereafter acquired.

c) A Judgment Order (the "Order") was entered on December 24, 2015, reflecting an amount due and owing under the note of $1,194,173 with interest accruing at 18% per annum per the Order. See Exhibit Attached as Exhibit D.

The Note, the Deed of Trust and the Judgment Order shall be collectively referred to as the "Loan Documents.

8. The Plan classifies the CEH claim as an Allowed Secured Claim consisting of a promissory note in the original principal amount of $1,153,000 secured by the Farm and Ranch Property and Appurtenant Farm and Ranch Equipment. The Plan also admits that CEH claims the amount due as of the date of filing was $1,269,172.31.

9. Since the filing of the Plan, CEH has had an appraisal performed on the Farm which puts its appraised value at $1,214,000. See Appraisal attached as Exhibit E.

10. Based on the appraised value of the Farm, the value of the Farm is insufficient to meet the claim based on the CEH estimate of their Claim.

11. The Debtor has defaulted under the Loan Documents by failing to pay the amounts due under the Loan Documents. In fact, Debtors have failed to make any payments pursuant to the Note since November, 2013.

12. 11 U.S.C. § 1208(c)(1) provides that on request of a party in interest, the court may dismiss a case under Chapter 12 for cause, including "unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors."

13. The Debtors Plan consists of holding on to the collateral of CEH while it attempts to sell the Property, all the time using the Property for its own operation.

14. While the Debtor continues to use the Property, the Debtor has failed to indicate any excess income to make adequate protection payments to CEH. See Projections attached as Exhibit F.

15. While the Debtor is allowed to continue to use the collateral to support payments to other creditors who are being paid in full with interest, CEH will receive no payments per the projections, and is supposed to wait three years in hopes the Property will sell,

16. The Debtor has engaged in gross mismanagement by virtue of his inability to generate sufficient revenue to fund payments to CEH. The Debtor has demonstrated an inability

to obtain contracts or generate income from the Debtor's business other than selling livestock and dong contract work, all of which is largely unrelated to the use and ownership of the Collateral which secures the Loan of CEH. This gross mismanagement is prejudicial to CEH, and CEH requests that this case be dismissed under 11 U.S.C. § 1208(c)(1).

17. 11 U.S.C. § 1208(c)(9) also provides that on the request of a party in interest, the court may dismiss a case under Chapter 12 for cause, including "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation."

18. The Debtor has failed to demonstrate any ability to make payments to CEH per the Plan, and that inability results in a continuing loss or diminution of value to the estate.

19. Further, the Debtor is attempting to impose a lower rate of interest than that dictated by the Order entered in the Judgment of Foreclosure, further diminishing the value of the CEH claim.

20. Finally, the Debtor discussed in the 341a meeting that in order to plant, he must incur further debt to buy seed. This expense is not indicated on the projections supplied with the Plan.

21. The Debtor has filed this bankruptcy in bad faith for the following reasons:

a. The Debtor lists as part of his assets on Schedule B that he owns yaks. These yaks are subject to a dispute with Thomas Chandler Morton who claims that he owns the yaks on the Debtors property and that the Debtor has sold certain Yaks without accounting for the proceeds. See Morton affidavit attached as Exhibit G.

b. In 2013, Salcedo Hart Real Estate Management, the owner of which is also the owner of CEH, advanced $41,954 to the Debtor for operating expenses and materials. See Advance sheet attached as Exhibit H. Because that was the last year that the Debtor made a payment, the Debtor was unable to generate enough funds to both make the payment and operate the farm. Because the Debtor has not made a payment since 2013, and no advances have been made, the conclusion is inevitable that the advances were what allowed the Debtor to make the payment to CEH.

c. The Debtor also testified that he owned a cause of action for breach of contract which he does not list and has not pursued.

22. The Debtors have no reasonable likelihood of rehabilitation. The Debtor has not operated a profitable farm since purchasing it subject to the mortgage of CEH, does not project that the revenue will be sufficient to fund payments promised in the Plan to CEH, and must have the consent of CEH to stay put without payment at a lower interest rate than they are entitled to for three years while the Debtor attempts to sell the Property.

23. The annual payment detailed in the Plan which the Debtor hopes to make to CEH is $6,000 per month. The projections to the Plan indicate that there isn't sufficient income to make that payment and CEH will be further prejudiced by having to wait three years.

24. CEH has not received any payments from the Debtor for over 2 years and the value of their estate continues to diminish as the interest due on the Loan Documents continues to accrue. Because Debtors have no reasonable likelihood of rehabilitation and the assets of the estate are diminishing, CEH requests that this case be dismissed under 11 U.S.C. § 1208(c)(9).

25. The Property is subject to a water issue which limits the ability of the Debtor to borrow against the Property and presumably to sell it. See Response to Motion to Modify Stay attached as Exhibit I.

26. There are grounds for dismissal under 11 USC §1208(c)(9). *See, e.g., In re Pretzer,* 96 B.R. 790 (Bankr. N.D. Ohio 1989) (motion to dismiss granted upon court's finding that debtor's cash flow was inadequate for meeting minimum required Plan payments). The Debtor in this case has no reasonable prospect of rehabilitation. Further, the Debtor's Plan would restructure the secured debt over a 3-year term, which is unreasonable given that the CEH loan fully matured prior to filing of the bankruptcy.

27. 11 U.S.C. § 1208(c)(9) provides that on the request of a party in interest, the court may dismiss a case under Chapter 12 for cause, including "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation." The lynchpin of the Debtors Plan is based on a sale of the Property, not making payments. This is unlikely since there is a significant unresolved water issue. Debtors claim to be in the business of grazing cattle and planting alfalfa. At the 341 meeting, Debtors didn't list or testify about any written contracts to perform such work. Further, none are listed on the schedules filed with the case. It is impossible to know how much money these alleged contracts will bring in and whether the purported contracts are valid and enforceable at all. Hence, Debtor has no written contracts.

28. The Debtor's bankruptcy case is a classic case of bad faith.

29. The Fourth Circuit in *Carolin Corp. v. Miller,* 886 F.2d 693 (4th Cir.1989) concluded that the Bankruptcy Code necessarily implies a good faith filing requirement in order to prevent debtors' abuse of the bankruptcy process. *Carolin,* 886 F.2d at 698; *In re McNallen,* 197 B.R. 215, 220 (Bankr. E.D.Va.1995); *see* 11 U.S.C. § 105(a).

30. To determine whether a debtor has filed a petition in bad faith, a Court must look at the "objective futility of reorganization" along with the "subjective bad faith" of invoking bankruptcy protection. *Carolin Corp.,* 886 F.2d at 700. This requires a Court to look at debtor's motivations in filing the petition to determine whether the debtor filed it to cause hardship or to

3

delay creditors by invoking the automatic stay without intent or ability to reorganize. *Id.* at 701; *In re Burrell,* 148 B.R. 820, 823 (Bankr.E.D.Va. 1992).

      31.    The Second Circuit in *C-TC 9th Ave. Partnership v. Norton Co. (In re C-TC 9th Ave. Partnership),* 113 F.3d 1304, 1311 (2d Cir. 1997), listed the following relevant factors a court should consider in determining whether the case is filed in bad faith:

> (1) the debtor only has one asset;
> (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
> (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
> (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
> (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; and
> (6) the debtor has little or no cash flow.

      32.    In the present case, it is clear the debtor's sole purpose in filing this petition was to frustrate the process of CEH in completing the foreclosure on the Property. *See In re A.Z. Servs., Inc.,* 208 B.R. 578 (Bankr.S.D.Fla.1997) (court dismissed voluntary petition as the debtor's overriding objecting served to stymie lessor's efforts to regain possession of property); *In re Martin,* 51 B.R. 490, 495 (Bankr.M.D.Fla.1985); *see also In re Island Helicopters, Inc.,* 211 B.R. 453 (Bankr. E.D.N.Y.1997) (sole purpose of debtor's filing was to delay and frustrate termination of a contract that had been the subject of years of litigation).

      33.    The Debtor has relatively few assets and no income. Based on debtor's schedules, minimal debt is owed other than the outstanding amount owed to CEH. The Debtor owes $3500 to 4 Rivers Equipment, an unknown amount to John Deere, $370 to Lenco West, $6000 to Stones Farm Supply, and $2,800 to San Luis Valley Rural Electric Coop. And in the Plan, these creditors are being paid in full while CEH receives nothing but a promise to sell and payments if they are available which the projections show they are not. The Debtor's financial status reflects a two-party dispute between the Debtor and CEH. Reorganization is pointless because the Debtor has nothing to reorganize. See Schedule E/F attached as J.

      WHEREFORE, for the reasons states herein, this Court should dismiss this case for cause, including, but limited to, gross mismanagement of the estate, the continuing diminution of the estate, the absence of a reasonable likelihood of rehabilitation and bad faith and for such other relief as the Court sees fit to grant.

Dated this 30th day of June, 2016.

        Respectfully submitted,

        /s/ Michael J. Davis
        Michael J. Davis, 44287
        BKN Murray LLP
        6795 E. Tennessee Ave.,
        St. 330
        Denver, CO 80224
        720-361-6036
        mdavis@bknmurray.com
        Attorney for CEH