**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | Chapter 12 |
| | ) | |
| NRS Properties, LLC | ) | Case No. 16-10989 TBM |
| | ) | |
| Debtor | ) | |
| | ) | |

**<u>OBJECTION OF CECIL E. HART II LLC TO CONFIRMATION OF DEBTORS PLAN</u>**

Cecil E. Hart II LLL (CEH) by and through their counsel Michael J. Davis of BKN Murray LLP hereby files their Objection to the Chapter 12 filed by NRS Properties LLC (collectively "Debtors") and in support thereof states as follows

1. Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 9, 2016.

2. The case was converted to a Chapter 12 on March 9, 2016.

3. The Debtor employed Cynthia Kennedy as its general bankruptcy counsel.

4. On 6/7/16, the Debtor filed their Chapter 12 Plan. See Plan attached as Exhibit A.

5. Debtors and CEH are parties to the following:

    a) Balloon Note (the "Note") executed by Debtor on December 31, 2012, in the original principal amount of $1,153,000, attached as <u>Exhibit B</u>. The Debtor has failed to make the payment due on November 10, 2014, or the final payment due on February 15, 2015, required by the terms of the attached Note and Deed of Trust and is in default of those obligations.

    b) A lien or security interest which arises from a Deed of Trust for the benefit of CEH, who is the current owner of this lien or security interest. Notice of this lien or security interest in the property described in the Deed of Trust (the "Property") was given by recording a Deed of Trust dated December 31,2012, recorded January 10, 2013, under Reception No. 373312, of the Saguache County, Colorado, records. A copy of the Deed of Trust reflecting the lien of the Creditor is attached hereto as Exhibit C. The CEH security interest covers not only land, but all water and water rights, well and well rights, then owned or hereafter acquired.

    c) A Judgment Order (the "Order") was entered on December 24, 2015, reflecting an amount due and owing under the note of $1,194,173 with

3

interest accruing at 18% per annum per the Order. See Exhibit Attached as Exhibit D.

The Note, the Deed of Trust and the Judgment Order shall be collectively referred to as the "Loan Documents.

8. The Plan classifies the CEH claim as an Allowed Secured Claim consisting of a promissory note in the original principal amount of $1,153,000 secured by the Farm and Ranch Property and Appurtenant Farm and Ranch Equipment. The Plan also admits that CEH claims the amount due as of the date of filing was $1,269,172.31.

9. Since the filing of the Plan, CEH has had an appraisal performed on the Farm which puts its appraised value at $1,214,000. See Appraisal attached as Exhibit E.

10. Based on the appraised value of the Farm, the value of the Farm is insufficient to meet the claim based on the CEH estimate of their Claim.

11. The Debtor has defaulted under the Loan Documents by failing to pay the amounts due under the Loan Documents. In fact, Debtors have failed to make any payments pursuant to the Note since November, 2013.

12. The Plan incorrectly states the amounts due to CEH upon its secured claim and understates the extent and amount of its secured claim against the Debtor.

13. The Plan is not feasible and the Debtor does not have sufficient income to make the payments called for thereby or to comply with the Plan as required by 11 U.S.C. Section 1225 (a) (6). As shown by the documents and financial records provided by the Debtor, insufficient net income is generated by the Debtor's operations to fund the Plan and/or to pay for assets the Debtor seeks to retain. CEH asserts that under the Plan, the Debtor seeks to retain assets that are pledged as collateral for the Loan that should be surrendered to CEH so as to reduce the debt burden of the Debtor.

14. The Plan impermissibly seeks to alter the payment to CEH upon the Loan over a term in excess of: (i) reasonable or customary market standards, terms and lending practices for similar commercial loans; (ii) beyond the term of the Loan Documents; and (iii) the Debtors' ability to make payments under its farming operation. See, In re Bartlett, 92 B.R. 142 (E.D. N.C. 1988); In re Hughes, 2006 Bankr. LEXIS 2288 (M.D. N.C. 2006).

15. The Plan is not in the best interest of the creditors and unfairly discriminates as between the claims of creditors.

16. CEH objects to the interest rate proposed under the Plan and states that the Plan should provide for the rate of interest detailed in the Judgment of Foreclosure entered against the Debtor.

3

17. The value, as of the effective date of the Plan, of property to be distributed under the Plan upon the secured claim of CEH is less than the amount of CEH's Claims in violation of the provisions of 11 U.S.C. § 1225 (a).

18. The Plan has not been proposed in good faith and is in violation of the provisions of Chapter 12 of the United States Bankruptcy Code.

19. Concurrent with this Objection, CEH has filed a Motion to Dismiss this case.

20. This objection is a continuing one and shall apply to all amendments and modifications to the Plan unless specifically withdrawn in writing.

WHEREFORE, for the reasons states herein, this Court should dismiss this case for cause, including, but limited to, gross mismanagement of the estate, the continuing diminution of the estate, the absence of a reasonable likelihood of rehabilitation and bad faith and for such other relief as the Court sees fit to grant.

Dated this 30th day of June, 2016.

Respectfully submitted,

/s/ Michael J. Davis
Michael J. Davis, 44287
BKN Murray LLP
6795 E. Tennessee Ave.,
St. 330
Denver, CO 80224
720-361-6036
mdavis@bknmurray.com
Attorney for CEH

Certificate of Service

I hereby certify that service of the foregoing Motion to Dismiss, was served by ECF, by email and by depositing same in the United States mail, first class postage prepaid, on the 30th day of June, 2016 to the following:

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Cynthia T. Kennedy, #11668
Kennedy Law Firm
308 ½ E. Simpson Street Lafayette, CO 80026
(303) 604-1600
ctk@kennedylawyer.com

Daniel A. Hepner
1660 Lincoln St.
Ste. 2200
Denver, CO 80264
(303)-296-1999

/s/Michael J. Davis

3