# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Chapter 12 |
| | ) | |
| NRS Properties, LLC | ) | Case No. 16-10989 TBM |
| | ) | |
| Debtor | ) | |
| | ) | |

**OBJECTION OF CECIL E. HART II LLC TO MOTION TO: (1) APPROVE SALE OF PROPERTY (40 ACRE PARCEL) FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §1206 INCLUDING THE LIEN OF CECIL E. HART SECOND, LLC; (2) AUTHORIZING THE PAYMENT OF, COSTS OF CLOSING INCLUDING PRORATIONS, COMMISSIONS AND TRUSTEE FEES; (3) FOR APPLICATION OF REMAINING PROCEEDS TO CECIL E. HART SECOND, LLC, SECURED CREDITOR**

Cecil E. Hart II LLL (CEH) by and through their counsel Michael J. Davis of BKN Murray LLP hereby files their Objection to the Sale of 40 Acres filed by NRS Properties LLC (collectively "Debtors") and in support thereof states as follows

1. Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 9, 2016.

2. The case was converted to a Chapter 12 on March 9, 2016.

3. The Debtor employed Cynthia Kennedy as its general bankruptcy counsel.

4. On 6/7/16, the Debtor filed their Chapter 12 Plan. See Plan attached as Exhibit A.

5. Debtors and CEH are parties to the following:

    a) Balloon Note (the "Note") executed by Debtor on December 31, 2012, in the original principal amount of $1,153,000, attached as <u>Exhibit B</u>. The Debtor has failed to make the payment due on November 10, 2014, or the final payment due on February 15, 2015, required by the terms of the attached Note and Deed of Trust and is in default of those obligations.

    b) A lien or security interest which arises from a Deed of Trust for the benefit of CEH, who is the current owner of this lien or security interest. Notice of this lien or security interest in the property described in the Deed of Trust (the "Property") was given by recording a Deed of Trust dated December 31,2012, recorded January 10, 2013, under Reception No. 373312, of the Saguache County, Colorado, records. A copy of the Deed of Trust reflecting the lien of the Creditor is attached hereto as Exhibit C. The CEH security

3

interest covers not only land, but all water and water rights, well and well rights, then owned or hereafter acquired.

c) A Judgment Order (the "Order") was entered on December 24, 2015, reflecting an amount due and owing under the note of $1,194,173 with interest accruing at 18% per annum per the Order. See Exhibit Attached as Exhibit D.

The Note, the Deed of Trust and the Judgment Order shall be collectively referred to as the "Loan Documents.

8. The Plan classifies the CEH claim as an Allowed Secured Claim consisting of a promissory note in the original principal amount of $1,153,000 secured by the Farm and Ranch Property and Appurtenant Farm and Ranch Equipment. The Plan also admits that CEH claims the amount due as of the date of filing was $1,269,172.31.

9. Since the filing of the Plan, CEH has had an appraisal performed on the Farm which puts its appraised value at $1,214,000. See Appraisal attached as Exhibit E.

10. Based on the appraised value of the Farm, the value of the Farm is insufficient to meet the claim based on the CEH estimate of their Claim.

11. The Debtor has defaulted under the Loan Documents by failing to pay the amounts due under the Loan Documents. In fact, Debtors have failed to make any payments pursuant to the Note since November, 2013.

12. Debtor has filed this Motion to Sell on shortened notice free and clear of all liens claims and encumbrances.

13. The Debtor has failed to articulate any reason for shortened notice as to this sale other than this is a cash sale.

14. CEH has filed a Motion to Dismiss this case, an Objection to Confirmation of the Plan, a Motion to Modify Stay, and an Objection to the hiring of the Broker.

15. The Plan impermissibly seeks to alter the payment to CEH upon the Loan over a term in excess of: (i) reasonable or customary market standards, terms and lending practices for similar commercial loans; (ii) beyond the term of the Loan Documents; and (iii) the Debtors' ability to make payments under its farming operation. See, In re Bartlett, 92 B.R. 142 (E.D. N.C. 1988); In re Hughes, 2006 Bankr. LEXIS 2288 (M.D. N.C. 2006).

18. The Plan has not been proposed in good faith and is in violation of the provisions of Chapter 12 of the United States Bankruptcy Code.

19. CEH has made abundantly clear that it requests that the property be returned to CEH because payments have not been made for over two years; when payments have been made, they were a result of cash advances made by an affiliate of CEH; and the Plan does not provide any evidence that payments to CEH will be made after the Plan is confirmed with CEH being required to wait three years for any payment.

20. The Debtor had thoroughly failed to prove that they have the ability to perform as a farm or in dealing with creditors.

21. By allowing the sale, this Court would further add credence to the dismantling of the CEH collateral just for the purpose of allowing the Debtor to attempt to operate the Farm, buying more time when the Debtor has failed to perform since the purchase of the Farm.

22. The Debtor testified that only 480 acres of the 3680-acre parcel are able to be planted. On the Appraisal attached hereto, the Appraiser describes the property as follows:

> "The soils under the center pivots located in the southwest corner are the very best on the property, but that said, they are not very productive and very difficult to manage. The soils are very tight and poorly drained. When water is removed, salts migrate to the surface and propagation of even the heartiest vegetation is difficult.
> The soils on the remainder of the subject property fall below those in the southwest corner. Even the desirability for housing sites is marginalized in the soils on the majority of the subject property. Hence the use of the subject property as housing or rural tracts is not very productive. Therefore, a large portion of the area is not developed." See p. 39, Walters & Assoc. Appraisal Attached as Exhibit E.

23. Hence, the sale of 40 acres, would represent a sale of almost 10% of the most valuable land subject to the CEH security interest, and would eviscerate the value of the Farm as a whole were it returned.

24. Given the various pleadings on file by CEH, it is incumbent on this Court to only allow this sale to go forward only in light of a confirmed Plan and that the Debtor should be able to hang on to its property on the backs of the creditors who are effectively financing.

25. This objection is a continuing one and shall apply to all amendments and modifications to the Plan and this Motion unless specifically withdrawn in writing.

WHEREFORE, for the reasons states herein, this Court should dismiss this case for cause, including, but limited to, gross mismanagement of the estate, the continuing diminution of the estate, the absence of a reasonable likelihood of rehabilitation and bad faith and for such other relief as the Court sees fit to grant.

Dated this 5th day of July, 2016.

>Respectfully submitted,
>
>/s/ Michael J. Davis
>Michael J. Davis, 44287
>BKN Murray LLP
>6795 E. Tennessee Ave.,
>St. 330
>Denver, CO 80224
>720-361-6036
>mdavis@bknmurray.com
>Attorney for CEH

Certificate of Service

I hereby certify that service of the foregoing Motion to Dismiss, was served by ECF, by email and by depositing same in the United States mail, first class postage prepaid, on the 30th day of June, 2016 to the following:

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Cynthia T. Kennedy, #11668
Kennedy Law Firm
308 ½ E. Simpson Street Lafayette, CO 80026
(303) 604-1600
ctk@kennedylawyer.com

Daniel A. Hepner
1660 Lincoln St.
Ste. 2200
Denver, CO 80264
(303)-296-1999

>/s/Michael J. Davis

3