IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 16-10989-TBM |
| NRS Properties, LLC ) | |
| 86-0766998 ) | |
| ) | Chapter 12 |
| Debtor. ) | |
| ) | |

**PETITIONING CREDITOR, THE CECIL E. HART SECOND LLC'S, MOTION FOR EXPEDITED RELIEF FROM AUTOMATIC STAY**

Creditor, The Cecil E. Hart Second LLC (the "Petitioning Creditor"), by undersigned counsel pursuant to 11 U.S.C. §362(d)(1), respectfully moves this Court for an Order for expedited relief from the automatic stay imposed in this case to proceed with and conclude its judicial foreclosure action, which has been ongoing in Saguache County District Court, in Case #2015CV300010, for some time, and where a sheriff's sale is presently set to commence on Wednesday, July 27, 2016, involving property centrally the issue in this case. Petitioning Creditor also requests an expedited hearing on this motion. In support thereof, Petitioning Creditor states as follows:

1. NRS Properties, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code"), on February 9, 2016.

2. The case was later converted to a Chapter 12 filing under the Bankruptcy Code, on March 9, 2016. (*See* Order Converting Chapter 7 Case to Chapter 12, a copy attached as **Exhibit A**).

3. The Debtor previously employed Attorney Benjamin Gibbons, and subsequently Attorney Cynthia Kennedy, as its general bankruptcy counsel.

4. Attorney Cynthia Kennedy is presently Debtor's general bankruptcy counsel.

5. On June 7, 2016, the Debtor filed their Chapter 12 Plan. (*See* Copy of Debtor's Chapter 12 Plan, attached as **Exhibit B**).

6. This Court has jurisdiction over the Chapter 12 case and this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.

7. Debtor is indebted to Petitioning Creditor pursuant to the terms of a Balloon Note, dated December 31, 2012 (the "Promissory Note"). (*See* Copy of Promissory Note, attached hereto as **Exhibit C**).

8. Through the Promissory Note, Petitioning Creditor claims a valid lien upon property located in Saguache County, Colorado (hereinafter the "Property"), as more particularly described in the Deed of Trust, dated December 31,2012, and recorded January 10, 2013, under Reception No. 373312, of the Saguache County, Colorado records (hereinafter the "Deed of Trust"). (*See* Copy of Deed of Trust reflecting the lien of Petitioning Creditor, attached hereto as **Exhibit D**).

9. Petitioning Creditor's security interest arose from the Promissory Note and Deed of Trust for the benefit of Petitioning Creditor, and Petitioning Creditor is the current owner of this security interest.

10. Debtor has failed to make the payment due on November 10, 2014, or the final payment due on February 15, 2015, as required by the terms of the Promissory Note and Deed of Trust and Debtor is in default of those obligations, entitling Petitioning Creditor to pursue foreclosure of the Property.

11. The total payment due from Debtor is $1,268,972.30, together with associated late charges and other default-related fees and expenses, such as legal fees and costs.

12. Petitioning Creditor filed a foreclosure proceeding in Saguache County, Colorado District Court, under Case No. 2015CV30010.

13. Upon a motion for summary judgment, an Order and Decree for Judicial Foreclosure (the "Judgment Order") was entered on December 24, 2015, reflecting an amount due and owing under the Promissory Note of $1,194,173.00, with interest accruing at 18% per annum per the Judgment Order. (*See* Order and Decree for Judicial Foreclosure, a copy of which is attached hereto as **Exhibit E**).

14. The Promissory Note, the Deed of Trust and the Judgment Order are collectively referred to hereinafter as the "Loan Documents".

15. Petitioning Creditor is lawfully entitled to possession of the Property, pursuant to the terms of the Loan Documents.

16. Enforcement of this security interest and the Judgment Order has been stayed automatically by operation of the Bankruptcy Code.

17. Petitioning Creditor is entitled to relief from such stay in accordance with one or more of the provisions of the Bankruptcy Code §362, permitting relief from stay, including to prevent irreparable loss or damage; for cause, including lack of adequate protection of Petitioning Creditor's interest in the property; and/or because such property is not necessary to an effective reorganization, and because Debtor does not have an equity in such property.

18. The Debtor's Plan consists of holding the collateral of Petitioning Creditor, while Debtor attempts to sell the Property, all the while using the Property for Debtor's own operation. (*See e.g.* **Exhibit B**, at p. 9, Section 3.1).

19. While the Debtor continues to use the Property, Debtor has failed to indicate any excess income to make adequate protection payments to Petitioning Creditor. (*See* Debtor Projections, a copy attached as **Exhibit F**).

20. While Debtor proposes it be allowed to continue to use Petitioning Creditor's collateral to support payments to other creditors who are being paid in full with interest,

Petitioning Creditor will receive no payments per the projections, and is instead supposed to wait three years based only on Debtor's hope the Property will sell.

21. The Debtor has engaged in gross mismanagement by virtue of it and its principals' inability to generate sufficient revenue to fund payments to Petitioning Creditor.

22. The Debtor has demonstrated an inability to obtain contracts or generate income from the Debtor's business, other than selling livestock and dong contract work, all of which is largely unrelated to the use and ownership of the Property, which secures the loan of Petitioning Creditor.

23. The foregoing gross mismanagement is prejudicial to Petitioning Creditor, and Petitioning Creditor requests that this case therefore be dismissed under 11 U.S.C. §1208(c)(1).

24. The Debtor has also failed to demonstrate any ability to make payments to Petitioning Creditor, as it sets forth in the Plan, and this inability results in a continuing loss or diminution of value to the estate.

25. Further, Debtor now attempts to impose a lower rate of interest than that dictated by the Judgment Order of December 24, 2015, diminishing the value of Petitioning Creditor's claim.

26. Finally, Debtor's principal discussed in the 341a meeting on March 29, 2016 that, in order to plant, he must incur further debt to buy seed. This expense is not indicated on Debtor's projections supplied with the Plan and any failure to plant, as with previous years, constitutes diminution of the estate and decreases the possibility of rehabilitation.

27. 11 U.S.C. §1208(c)(9) provides that, on the request of a party in interest, the Court may dismiss a case under Chapter 12 for cause, including "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation," and this case should therefore be dismissed.

28. Therefore, Petitioning Creditor requests that the automatic stay be terminated with respect to the Property, pursuant to 11 U.S.C. §362(d)(1) and/or (2)(A) and (B).

29. The Saguache County Sheriff initially scheduled a judicial foreclosure sale on the Property, for February 10, 2016. However, the sale was stayed because of the filing of Debtor's initial Chapter 7 filing.

30. Since Debtor's initial Chapter 7 filing and subsequent conversion to Chapter 12, Petitioning Creditor has had an appraisal performed on the Property which places its appraised value at $1,214,000.00 (the "Appraisal"). (*See* Property Appraisal, copy attached as **Exhibit G**).

31. As is clear from the Appraisal, no equity cushion exists to provide adequate protection for Petitioning Creditor, pursuant to 11 U.S.C. §362(d)(1), there is no equity in the property, nor does any equity cushion exist to provide adequate protection for the Petitioning Creditor, pursuant to 11 U.S.C. §362(d)(1) and/or (2).

32. Based on all of the foregoing, Petitioning Creditor seeks relief from the automatic stay to move forward with its judicial foreclosure action.

33. The subject judicial foreclosure action has been postponed eight times now because of the stay initiated by Debtor's initial Chapter 7 filing. (*See* Representative Continuation Letters, copies attached as **Exhibit H**).

34. When determining whether to afford relief from stay to allow pending litigation in another forum to proceed, bankruptcy courts look to the twelve "Curtis" factors set forth in *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984).

35. In this case, seven of the Curtis factors are relevant and should be dispositive, because relief from the stay:

    (a) will allow Petitioning Creditor and Debtor to obtain complete resolution on the issues in the judicial foreclosure action, including the liquidation of Petitioning Creditor's claims against the Debtor, without further rescheduling of proceedings

5

pending for many months now;

(b) will not interfere with proceedings in Debtor's bankruptcy case;

(c) will permit the judicial foreclosure action to resolve issues of the Debtor's debts, over which the Saguache County, Colorado, District Court, has jurisdiction;

(d) will not prejudice any other creditors or interested parties because their claims in this bankruptcy case will be unsecured claims;

(e) will serve the interests of judicial economy as the court in the judicial foreclosure action has ruled on the subject matter of that case, has approved certain relief, and is familiar with the facts and issues;

(f) will enable the judicial foreclosure action to proceed as rescheduled, upon the entry of an Order lifting the automatic stay; and

(g) the impact of the stay against the Petitioning Creditor will constrain it from a final resolution of its claims against the Debtor. Thus, the 'balance of the hurt' favors granting Petitioning Creditor requested relief from stay.

WHEREFORE, Petitioning Creditor requests that the Court grant it expedited relief from the automatic stay, pursuant to 11 U.S.C. §362(d)(1) and/or (2), to permit the judicial foreclosure action pending before the Saguache County, Colorado, District Court, to proceed and resolve remaining issues of the Debtor's debts therein. Petitioning Creditor also requests an expedited hearing on this motion. Petitioning Creditor further requests that this Court lift the 14-day stay of execution imposed by Fed.R.Bank.P. 4001(a)(3) so that the judicial foreclosure action can proceed as scheduled.

Dated this 6th day of July, 2016.

Respectfully submitted,

/s/ Michael J. Davis              .
Michael J. Davis, 44287
BKN Murray LLP
6795 E. Tennessee Ave., St. 330
Denver, CO 80224
720-361-6036
mdavis@bknmurray.com

6

                    Attorney for
                    Petitioning Creditor

## **CERTIFICATE OF SERVICE**

      I hereby certify that service of the foregoing Petitioning Creditor, The Cecil E. Hart Second LLC's Motion for Expedited Relief from Automatic Stay was served by ECF, by e-mail and by depositing same in the United States Mail, first class postage prepaid, on the 6th day of July, 2016 to the following:

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Cynthia T. Kennedy, #11668
Kennedy Law Firm
308 ½ E. Simpson Street Lafayette, CO 80026
(303) 604-1600
ctk@kennedylawyer.com

Daniel A. Hepner
1660 Lincoln St.
Ste. 2200
Denver, CO 80264
(303)-296-1999


                    /s/Michael J. Davis      .
                    Attorney