UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-21943-MER |
| CREEKSIDE CANCER CARE, LLC | ) | |
| | ) | Chapter 11 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY
OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION**

NOW COMES Tomotherapy Incorporated, a wholly owned subsidiary of Accuray Inc. (collectively "Accuray"), by and through its undersigned counsel Michael J. Davis of BKN Murray LLP, and moves the court for relief from the automatic stay or, in the alternative, for adequate protection payments. In support thereof, Accuray states as follows:

1. On December 9, 2016 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). The Debtor continues to operate its business and possess its property as debtor-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

2. Accuray Incorporated ("Accuray") is a Delaware corporation with its principal office located at 1310 Chesapeake Terrace, Sunnyvale, CA 94089.

3. TomoTherapy Incorporated ("TomoTherapy Inc.") is a Wisconsin corporation with its principal office located at 1310 Chesapeake Terrace, Sunnyvale, CA 94089 and is a wholly owned subsidiary of Accuray.

4. Accuray leases and sells the Accuray TomoHD System through its subsidiary TomoTherapy Inc..

**JURISDICITION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § I 57(b)(2). The statutory predicates for

the relief sought herein is Sections 361 and 362 of the Code and Rule 4001 of the Bankruptcy Rules.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§1432 and/or 1473.

## BACKGROUND

7. On September 30, 2011, TomoTherapy Inc. and Creekside (collectively, "the Parties") executed an Accuray TomoHD® System Shared Ownership Agreement ("Agreement"). Attached hereto as Exhibit A.

8. Under the Agreement, TomoTherapy Inc. agreed to lease to Creekside a TomoTherapy® TomoHD™ System (the "Tomo")

9. Under the Agreement, Creekside was responsible for making three types of payments to TomoTherapy Inc.:

> a. Down Payments: Set installments due in accordance with a payment schedule;
> b. Minimum Monthly Payments: Due each month on top of the Down Payments, regardless of the revenue Creekside generates using the Tomo;
> c. Revenue Share Payments: Due each month on top of Down Payments and Revenue Share Payments, based on a percentage (50%) of the total fees generated using the Tomo (reduced by the Minimum Monthly Payments).

10. Creekside paid all Down Payments required by Agreement in accordance with the provisions of the Agreement.

11. Under the Agreement, Creekside also had the option to pre-pay all amounts due under the Agreement with respect to the Tomo (known as the "Buyout Option") at any time after providing sixty (60) days' notice to TomoTherapy Inc..

12. The Agreement provided that until Creekside either exercises its Buyout Option or has otherwise paid the full amount of the Remaining System Price plus interest, TomoTherapy Inc. would continue to retain ownership rights in the Tomo.

13. Accuray and TomoTherapy Inc sued Creekside in District Court, Boulder County, Colorado, in Case 2016CV30896 on or about August 2016, seeking recovery of the equipment in Replevin, and for Breach of Contract (the "Case") due to Creekside's failure to make the monthly payments required under the Agreement in the amount of $2,514,783.

14. In the Case, TomoTherapy Inc. disclosed the testimony of non-retained expert Stanley Gee who stated as follows in relation to the value of the equipment:

> Mr. Gee will opine on the fair market value of TomoHD equipment. Specifically, Mr. Gee will offer an opinion that the fair market value of a refurbished TomoHD System such as the one in Creekside's possession is $1,595,000.00, based on Mr. Gee's knowledge of the market for refurbished TomoHD equipment and an internal review of sales data on similar systems. See Plaintiffs' C.R.C.P. 26(A)(2) Expert Disclosures attached as Exhibit B.

14. The Debtor has scheduled the claim of TomoTherapy Inc. on Schedule D filed in conjunction with the case as being a secured claim of $2,600,000.

15. The TomoTherapy Inc Proof of Claim filed in this case lists the amount owed as being $3,077,227.61 because the Debtor has not made even the minimum monthly payment of $60,000 required pursuant to the Agreement since September, 2012, not to mention any other payments due above the minimum monthly payment because the Debtor has failed and/or refused to report on the revenues generated by the Equipment as required by the Agreement. .

16. The Debtor listed the value of the equipment on Amended Schedule B as being unknown.

17. Hence, the Debtor has no equity in the Equipment

18. The Debtor, a free-standing cancer care facility, continues to use the Equipment to generate revenue through treating patients.

19. The Equipment is subject to depreciation or loss in value through normal use by Creekside which has continued during the pendency of this case. It must be regularly maintained to avoid additional loss in value from excessive wear and tear.

20. The value of the Equipment and TomoTherapy Inc.'s interest in it is declining from usage, even if the Equipment is maintained in accordance with the manufacturer's recommendations.

21. Since the Petition date, the Debtor has not returned any portion of the Equipment, made any payments required pursuant to the Agreement or moved to assume or reject the Agreement.

**RELIEF REQUESTED**

22. By this Motion, TomoTherapy Inc. seeks the entry of an Order, pursuant to §362(d) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure granting TomoTherapy Inc. relief from the automatic stay as to the Equipment or, alternatively, pursuant to §361 of the Bankruptcy Code, requiring Debtor to make periodic cash payments as adequate protection.

23. TomoTherapy Inc. is entitled to relief from the automatic stay pursuant to §362(d) of the United States Bankruptcy Code which provides as follows:

> On request of a party in interest, and after notice and a hearing, the Court shall grant relief from the Stay provided under Subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay: (1) For cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) With respect to a stay of an act against property, if(A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization. 11 USC 362(d).

24. The Debtors (as debtors-in-possession) have "the burden of proof on the issue of adequate protection." 11 U.S.C. § 363(p)(l). Adequate protection is mandatory once requested,

provided that the lessor shows that it has an interest in the property, and that the Debtor fails to prove that the lessor's property is adequately protected. 11 U.S.C. § 363(e) (the court ... shall prohibit or condition the use, sale or lease as is necessary to provide adequate protection of such interest.") (emphasis supplied). The adequate protection must cover the creditor from the date that the motion for adequate protection is filed. See In re Best Products, Inc., 138 B.R. 155, 158 (Bankr. S.D.N.Y. 1992) ("the motion date controls").

25. Section 361 of the Bankruptcy Code provides illustrative examples of protection to be ordered to ensure that a lessor receives the benefit of its bargain:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by --
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(l) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361; see In re Scopac, 624 F.3d 274, 278 n.1 (5th Cir. 2010) (noting that "adequate protection" is defined in section 361 and applied in section 362(d) and 363(e)).

26. Should the Court not grant TomoTherapy Inc.'s request for relief from the automatic stay, the Court should direct Debtor to pay adequate protection.

27. Section 363(e) of the Bankruptcy Code provides in pertinent part:

> Notwithstanding any other provision of this section, at any time on request of any entity that has an interest in property used, sold, or leased... the Court... shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

28. The use by Debtor of the Equipment mandates adequate protection. "[T]he requirement of adequate protection in Section 363(e) is mandatory. If adequate protection cannot be offered, such use, sale or lease of the collateral much be prohibited." Lawrence P. King, *Collier on Bankruptcy §363.05.*

29. Adequate protection is necessary to preserve the value of TomoTherapy Inc.'s interest in the Equipment as it existed on the Petition Date and throughout the pendency of the Chapter 11 case. *See, e.g., In re Melson,* 44 B.R. 454,455 (Bankr.D.Del.1984).

30. The Equipment is depreciating in value. Thus, Accuray requests that, as adequate protection for the use by Debtor of the Equipment and the declining value of same, the Debtor be required to pay the current arrears on the agreements and to continue payment of same, pending further order of this Court.

WHEREFORE, TomoTherapy Inc. respectfully requests the entry of an order, substantially in the form attached hereto, granting the relief requested in the Motion and granting TomoTherapy Inc. such other and further relief as is just and proper.

DATED this 1st day of March, 2017.

Respectfully submitted,
BKN MURRAY, LLP.

/s/ *Michael J. Davis*
Michael J. Davis, Atty. Reg. No. 44287
6795 East Tennessee Avenue, Suite 330
Denver, Colorado 80224
Tel: 303-758-5100
Fax: 303-758-5055
mdavis@bknmurray.com

ATTORNEYS FOR THE MOVANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2017, I served the foregoing **MOTION FOR RELIEF FROM AUTOMATIC STAY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION** was electronically via Colorado Courts E- Filing, and/or by placing a true and correct copy of the same in the United States Mail, first-class postage prepaid, or as otherwise indicated, to:

Creekside Cancer Care, LLC
dba Colorado CyberKnife
120 Old Laramie Trail E
Lafayette, CO 80026

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Steven E. Abelman
410 Seventeenth St
22nd floor
Denver, CO 80202
(303) 223-1102
(303) 223-0902 (fax)
sabelman@bhfs.com

Deborah S. Ashen
217 N. Jefferson St., Ste. 601
Chicago, IL 60661
312-506-4516
312-655-0801 (fax)
dsa@ashenlaw.com

Mark F. Bell
360 S. Garfield St.
Ste. 600
Denver, CO 80209
303-333-9810
303-333-9786 (fax)
mbell@fostergraham.com

Aaron J. Conrardy
1660 Lincoln St.
Ste. 2200
Denver, CO 80264
303-296-1999
303-296-7600 (fax)
aconrardy@sendwass.com

Bradford E. Dempsey
3200 Wells Fargo Center
1700 Lincoln St.
Denver, CO 80203
3030-607-3675

303-307-3600 (fax)
brad.dempsey@faegrebd.com

David B. Law
1900 W. Littleton Blvd.
Littleton, CO 80120
303-722-6500
303-722-9270 (fax)
dbl@millerandlaw.com

David M. Miller
370 17th St.
Ste. 4800
Denver, CO 80202
303-839-3800
303-839-3838 (fax)
dmiller@spencerfane.com

Alan K. Motes
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294
303-312-7999
Alan.Motes@usdoj.gov

Brandan Oliver
3200 Wells Fargo Center, 1700 Lincoln St
Denver, CO 80203
303-607-3665
303-607-3600 (fax)
brandan.oliver@FaegreBD.com

Michael J. Pankow
410 17th St.
22nd Fl.
Denver, CO 80202
( ) 303-223-1100
303-223-1111 (fax)
mpankow@bhfs.com

David Wadsworth
1660 Lincoln St.
Ste. 2200
Denver, CO 80264
303-296-1999

303-296-7600 (fax)
dvw@sendwass.com