**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Hon. Thomas B. McNamara**

| | |
|---|---|
| In re: NRS Properties, LLC ) | |
| ) | Case No. 16-10989 |
| Debtor ) | Chapter 12 |
| ) | |

**CECIL E. HART II LLC'S RESPONSE TO DEBTOR'S OBJECTION TO EXHIBITS SUBMITTED FOR THE JANUARY 10, 2017 EVIDENTIARY HEARING**

Cecil E. Hart II LLC, by and through undersigned counsel, submits its response to "Debtor's Objection to Exhibits of Cecil Hart Second, LLC" and states as follows:

## INTRODUCTION

On December 28, 2016, Cecil E. Hart II LLC filed its list of witnesses and exhibits for the January 10, 2017 evidentiary hearing on the value of the Debtor's property. On January 3, 2017, Debtor filed objections to certain exhibits. Specifically, Debtor objected to Exhibit 4 ("Cash Advances to NRS") on the basis of Fed. R. Evid. 402, 901, and 801 and 802. Debtor also objected to Exhibit 11 ("CEH Appraisal") on the basis of Fed. R. Evid. 401 and 402, 702, 901, and 802.[1] Debtor's objections are without merit and should be overruled.

## ARGUMENT

### I.  *Foundation For All Exhibits*

Defendant's objection to Exhibits 4 and 11 on the basis of Fed. R. Evid. 901 was premature. The exhibits will be authenticated and identified at the evidentiary hearing by

---

[1] Debtor also objected to the testimony of Dee German on the basis of F.R.C.P. 26 and F.R.E. 701 and 702. Cecil E. Hart II LLC no longer intends to call Dee German as a witness. Cecil E. Hart II LLC reserves its right to respond to these objections as relevant at a later date.

1

testimony of a person (or persons) with knowledge that exhibits are what they are claimed to be. *See* Fed. R. Evid. 901(b)(1). In the case of Exhibit 4,[2] Maria Salcedo Hart will authenticate and identify the evidence of cash advances to NRS. In the case of Exhibit 11,[3] Timothy Walters (the author of the appraisal) will authenticate and identify the appraisal.

## II.     *Relevance of Exhibit 4*

Exhibit 4 is relevant because it goes to the issue of use-value of the farm property, which underscore's Cecil E. Hart II LLC's case that the current value of the farm is not as high as reflected in the Debtor's appraisal. During 2013, Maria Salcedo Hart through Salcedo-Hart Real Estate Management Co. loaned Debtor and/or its principal $41,954 for operating expenses and materials. Despite that, very little farming was done and Debtor has been unable to run a profitable farm, as argued in further detail in Cecil E. Hart II LLC's "motion to dismiss the case for cause, including but not limited to gross mismanagement of the estate, continuing diminution of the estate, absence of a reasonable likelihood of rehabilitation, and bad faith," filed on June 30, 2016. This lack of use of the property devalues the property. As the factual issue before the Court is the value of the farm property, this exhibit is relevant.

## III.    *Exhibit 4 – Hearsay Objection*

Defendant's objection to Exhibit 4 on the basis of Fed. R. Evid. 801 and 802 was also premature. As Maria Salcedo Hart will testify, Exhibit 4 meets the hearsay exception in Fed. R. Evid. 803(6) as a business record made in the course of a regularly conducted business activity, for which it was the regular practice of the business to make such a record.

## IV.    *Relevance of Exhibit 11*

---

[2] Attached hereto as Exhibit A.
[3] Attached hereto as Exhibit B.

2

Exhibit 11 is relevant because the appraisal goes directly to the factual issue before the Court, the value of the farm property. Cecil E. Hart II LLC has an allowed secured claim consisting of a promissory note in the principal amount of $1,153,000 secured by the farm property and equipment. Cecil E. Hart II LLC's expert's appraisal indicates that the value of the farm, $1,214,000, is insufficient to meet the claim. Debtor's appraisal puts the value of the property at approximately $3,100,000. The Court ordered the current evidentiary hearing on this issue. Thus the appraisal meets the standard of relevance from Fed. R. Evid. 401.

V.     **Exhibit 11 – Fed. R. Evid. 702/*Daubert* Objection**

Debtor's Fed. R. Evid. 702/*Daubert* objection is imprecise and inapposite. Debtor has not stated on what basis it raises its Fed. R. Evid. 702/*Daubert* objection to the testimony contained in the appraisal. As discussed above, the appraisal is directly relevant to the issue before the Court. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 125 L.Ed.2d 469 (Sup. Ct. 1993); *Kumho Tire Co., Ltd. v. Carmichael*, 143 L.Ed.2d 238 (Sup. Ct. 1999). The appraisal is also reliable. *Id.* Its author, Timothy Walters, applied one of three commonly accepted approaches to real estate value, the sales comparison approach, which is the same approach used by Debtor's expert, Edd Gillespie, to develop his appraisal. Mr. Walters is well-qualified to opine on the issue, having worked as an appraiser since at least 1975. He is a certified member of the Appraisal Institute and a licensed appraiser with the State of Colorado. Mr. Walter's qualifications and the basis for his report will be further evidenced by his testimony.

VI.    **Exhibit 11 – Hearsay/Hearsay within Hearsay Objection**

This objection to the appraisal based on a hearsay objection is inapplicable and premature. The appraisal will be offered by its author, Timothy Walters, and therefore does not

meet the definition of hearsay. *See* Fed. R. Evid. 801(c) (definition of hearsay). Any conclusions that will be offered by Mr. Walters are his own based on thorough review of the materials disclosed in Cecil E. Hart II LLC's expert disclosures. Cecil E. Hart II LLC declines to further address this objection without the Debtor providing a more precise basis for it.

*VII.* *Reservation*

Cecil E. Hart II LLC reserves further argument on these objections, as needed, to the hearing on January 10, 2017.

## CONCLUSION

For the reasons set forth above, Cecil E. Hart II LLC respectfully requests that the Court overrule Debtor's objections to the exhibits submitted for the evidentiary hearing on January 10, 2017.

Dated this January 6, 2017.

    Respectfully submitted,
    */s/ Michael J. Davis*
    Michael J. Davis, #44287
    BKN Murray LLP
    6795 E. Tennessee Ave., St. 330
    Denver, CO 80224
    (720) 361-6036
    mdavis@bknmurray.com
    Attorney for Cecil E. Hart II LLC

## Certificate of Mailing

I hereby certify that on this 6th day of January, 2017, I did file and serve by ECF and place a true and correct copy of the aforementioned document in the United States Mail, first class postage prepaid and addressed as follows:

Dan Hepner, Esq.
Chapter 12 Trustee
1600 Lincoln Street, Suite 2200
Denver, CO 80264

Tuck Young, Esq.
Kettelkamp & Young & Kettelkamp, P.C.
201 West 8th Street, Suite 540
Pueblo, CO 81403

Cynthia T. Kennedy
Kennedy Law Firm
308 E. Simpson Street
Lafayette, CO 80026

*/s/ Michael J. Davis*