## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Y&K SUN INC. | ) | Case No. 16-14761-MER |
| | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |

### WONJOONG KIM AND YOONEE KIMS' REPLY TO DEBTOR'S BRIEF IN RESPONSE TO KIM BRIEF ON LIABILITY IN CONNECTION WITH DEBTOR'S OBJECTION TO KIM'S CLAIM

Wonjoong Kim and Yoonee Kim (the "Kims"), through undersigned counsel, respectfully file this Reply to Debtor's Brief in Response to Kim Brief on Liability in Connection with Debtor's Objection to Kim's Claim (ECF No. 191) and, in support thereof, state as follows:

### I. C.R.S. §11-51-604(3) PERMITS AN AWARD OF ATTORNEY FEES TO THE KIMS.

Y&K Sun, Inc. ("Y&K") stipulated to liability under C.R.S. §11-51-604(3).  *See* Resp. at 2; *see also* Joint Stipulation (ECF No. 185-1).   Pursuant to C.R.S. §11-51-604(3), the Court may award "such legal or equitable relief [it] deems appropriate, including rescission, actual damages, interest at the statutory rate, costs, and reasonable attorney fees."   C.R.S. §11-51-604(3).   Y&K admits that the Court has discretion to award attorney fees and interest pursuant to C.R.S. §11-51-604(3).   *See* Resp. at 2.

Y&K's only argument against the award of attorney fees is related to a lis pendens, *see* Resp. at 8, which has no bearing on the attorney fee award.   The Kims recorded a lis pendens on November 13, 2015, stating that "[t]he Plaintiffs claim relief affecting the title to real property situated in the County of Jefferson, State of Colorado."   *Id.* Ex. 3 (ECF No. 191-3).   Despite its

1

assertion that a lis pendens "renders title unmarketable," *see* Resp. at 6-7, Y&K has presented no evidence that the lis pendens has negatively impacted the marketability of the JCRS property.   In fact, Y&K has filed multiple motions to approve a sale of the property free and clear of liens pursuant to 11 U.S.C. §363(f), the most recent of which was granted on December 28, 2016.   *See* Motion (ECF No. 82); Order (ECF No. 98); Motion (ECF No. 149); Order (ECF No. 164).   Per the Court's December 28, 2016 Order, the sale of the property will occur clear of all liens including the Kim's lis pendens.   Order (ECF No. 164) at 2.

Moreover, the Kims are as interested in the sale of the property as Y&K and have not opposed Y&K's motions to approve the sale.   *See* Certificate Non-Contested Matter (ECF No. 100); Certificate Non-Contested Matter (ECF No. 163).   As Y&K seems to acknowledge, *see* Resp. at 8, the only source of repayment of the Kims claim is the sale of the JCRS property.

In sum, Y&K has not articulated any reason why the Kim's lis pendens should restrict the Court's discretion to award attorney fees.   For the reasons articulated in the Kim's original Brief (ECF No. 190), C.R.S. §11-51-604(3) permits the award of attorney fees to the Kims.

## II. Y&K IS LIABLE FOR VIOLATION OF THE COLORADO SECURITIES ACT, C.R.S. §11-51-604(4).

In addition to a violation of C.R.S. §11-51-604(3), Y&K is liable for a violation of C.R.S. §11-51-604(4).   All elements of C.R.S. §11-51-604(4) are met.   As stated in the Kims' original Brief, the Court's findings in its Order dated September 12, 2014 (Case No. 12-1660) support a finding of misrepresentation under C.R.S. §11-51-501(1)(b).   *See* Brief at 5-7.   "Whenever the elements of misrepresentation under the statute are proven, and the defendant fails to establish the affirmative defense of lack of knowledge, the plaintiff is entitled to relief." *Lowery v. Ford Hill*

*Inv. Co.*, 556 P.2d 1201, 1209 (Colo. 1976) (discussing liability under precursor to C.R.S. §11-51-604(4)).   Y&K has not asserted the defense of lack of knowledge nor did the Court make such findings.   Therefore, the Kims are entitled to relief under C.R.S. §11-51-604(4).

Y&K argues that its liability under C.R.S. §11-51-604(4) was not established as a matter of issue preclusion because some of the elements of C.R.S. §11-51-604(4) were not necessary to the outcome of the adversary proceeding against the Suns.   *See* Resp. at 3.   Y&K is correct only to the extent that the Kims' claim, while based on the same facts as the nondischargeability claim, is not based on 11 U.S.C. § 523 but the Colorado Securities Act.   *See generally* Resp. Objection (ECF No. 131).   As discussed, however, the Court's findings in the nondischargability action are sufficient to support liability under C.R.S. §11-51-604(4).

### III. C.R.S. §11-51-604(4) PERMITS AN AWARD OF ATTORNEY FEES TO THE KIMS.

Attorney fees are recoverable under C.R.S. §11-51-604(4), even if the Kims do not own the security.   Y&K misconstrues the distinction within C.R.S. §11-51-604(4) between damages awardable if the buyer owns the security and damages awardable if the buyer no longer owns the security.   *See* Resp. at 3.   The statute is clear that, even if the buyer no longer owns the security, damages can include attorney fees.   C.R.S. §11-51-604(4) states in full:

> Any person who sells a security in violation of section 11-51-501(1) (b) (the buyer not knowing of the untruth or omission) and who does not sustain the burden of proof that such person did not know, and in the exercise of reasonable care could not have known, of the untruth or omission is liable to the person buying the security from such person, who may sue to recover **the consideration paid for the security, together with interest at the statutory rate from the date of payment, costs, and reasonable attorney fees, less the amount of any income received on the security, upon the tender of the security**, or is liable for damages if the buyer no longer owns the security. **Damages are deemed to be the amount that would**

**be recoverable upon a tender**, less the value of the security when the buyer disposed of it, and interest at the statutory rate from the date of disposition.

(Emphasis added).   Under a plain reading of this section, "the amount that would be recoverable upon a tender" refers to "the consideration paid for the security, together with interest at the statutory rate from the date of payment, costs, and reasonable attorney fees, less the amount of any income received on the security."   Attorney fees are not excluded if the buyer no longer owns the security, unlike "the value of the security when the buyer disposed of it."   Thus, the primary distinction between C.R.S. §11-51-604(3) and C.R.S. §11-51-604(4) is not damages but the basis for liability (i.e. violation of C.R.S. §11-51-501(1) versus §11-51-501(1)(b)) .

In sum, nothing in the language of C.R.S. § 11-51-604(4) restricts the Court's ability to award attorney fees, regardless of whether the Kims own the security.

## IV. THE KIMS HAVE PROVIDED DOCUMENTATION TO SUPPORT THEIR ATTORNEY FEES AWARD.

On September 2, 2016, the Kims filed an amended proof of claim containing a detailed itemization of their attorney fees.   On March 7, 2017, the Kims filed an amended proof of claim containing detailed billing records.[1]

Nevertheless, Y&K cites to *In re Kirkland*, 572 F.3d 838, 840 (10th Cir. 2009) to assert that the Kims have failed to produce sufficient records under Fed. R. Bankr. P. 3001(c)(2).   *See* Resp. at 6.   *Kirkland* states that a creditor who produces no written evidence and, following objection, still produces no evidence to substantiate claim at a hearing, has not met its burden. *See* 572 F.3d at 840.   Not only are the facts of *Kirkland* different from those here—the Kims have provided complete and detailed documentation—but Fed. R. Bankr. P. 3001 has also been

---

1 The exhibits are restricted per a pending motion for order authorizing filing of exhibits under seal.   *See* Motion to Seal/Restrict (ECF No. 192).

substantially revised since *Kirkland* was decided.   *See In re Kennedy*, 15-40351 (Bankr. D. Kan. Aug. 29, 2016).   Moreover, Fed. R. Bankr. P. 3001(c)(2)'s requirements apply only where the debtor is an individual.   This is a Chapter 11 non-individual debtor case.

Y&K also asserts that the fee agreement is not enforceable on the basis of Colo. R. Civ. P. Chapter 23.3.   *See* Resp. at 5.   Whether the agreement is enforceable against a client is a separate question from whether the fees are awardable by the Court.   This also goes toward reasonableness of the fees, not whether the fees are awardable pursuant to C.R.S. §§ 11-51-604(3) and 604(4). The Court may review the contingent fee agreements and assess the reasonableness of the Kim's requested fees after it declares the fees awardable.   Y&K appears to admit this when it states that the reasonableness is for a later determination.   *See* Resp. at 8.

In sum, the Kims have provided detailed documentation to support their claim for attorney fees and Y&K's arguments regarding insufficient records are not to the contrary.

## V. C.R.S. §§11-51-604(3) and 604(3) PERMIT AN AWARD OF INTEREST TO THE KIMS.[2]

Y&K does not dispute an award of post-judgment interest.   *See* Resp. at 8 ("The Kims would then be paid the amount of the Judgment, with postjudgment interest, which would then conclude the entire saga between the Kims, Y&K, and the Suns.").

Prejudgment interest is also awardable to the Kims.   Y&K admits that under C.R.S. §11-51-604(3) a court has discretion to award interest.   *See* Resp. at 1.   As with attorney fees, discussed above, C.R.S. §11-51-604(4) also gives the Court discretion to award interest.

"In the absence of a statutory provision to the contrary, prejudgment interest may generally be awarded if 1) the award of prejudgment interest would serve to compensate the injured party

---

2 Though the Court did not request briefing on this issue, it is addressed in Y&K's brief and so will be addressed here.

and 2) the award of prejudgment interest is otherwise equitable." *In re Inv. Bankers, Inc.*, 4 F.3d 1556, 1566 (10th Cir. 1993).   Prejudgment interest is particularly appropriate in cases of investment fraud and the equities favor an award of prejudgment interest where a defendant's behavior involves dishonest or fraudulent conduct.   *U.S. Indus., Inc. v. Touche Ross & Co*., 854 F.2d 1223, 1257 (10th Cir. 1988).   Prejudgment interest will serve to partially compensate the Kims for Y&K's dishonest and fraudulent conduct.   There is also no basis to find the award inequitable.   As discussed above with regard to attorney fees, the lis pendens is irrelevant to the Court's award of damages including interest.   Y&K has suffered no harm and has not asserted any basis for restricting an interest award in relation to the Kims' lis pendens.

Finally, the basis of the Kim's interest calculation is sound.   The Kims have presented an interest calculation based on when installments were due.   In the absence of applicable federal law regarding prejudgment interest, a court may choose any interest rate which will fairly compensate the plaintiff for the delay in the receipt of payment.   *U.S. ex rel. C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1545 (10th Cir. 1987).   This measure of interest would serve to compensate the Kims and is otherwise equitable.

In sum, C.R.S. §§11-51-604(3) and 604(4) permit the Court to award interest as calculated.

## CONCLUSION

Based on the foregoing and the arguments in their original Brief, the Kims respectfully request that this Court find liability under the Colorado Securities Act, C.R.S. §§ 11-51-604(3) and 604(4), and award the Kims attorney fees and interest in the amount they requested in their amended proof of claim and for such other relief as his Court sees fit to grant.

6

DATED this 13th day of March, 2017.

Respectfully submitted,
BKN MURRAY LLP

*/s/ Michael J. Davis*
Michael J. Davis, Atty. Reg. No. 44287
6795 East Tennessee Avenue, Suite 330
Denver, Colorado 80224
Tel: 303-758-5100
Fax: 303-758-5055
mdavis@bknmurray.com

ATTORNEYS FOR THE MOVANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th of March, 2017, a true and correct copy of the foregoing Reply to Debtor's Brief in Response to Kim Brief on Liability in Connection with Debtor's Objection to Kim's Claim was served via PACER, email, and/or United States Mail, first-class postage pre-paid thereon, and addressed to the parties identified below:

Andrew D. Johnson
Onsager Guyerson Fletcher
1801 Broadway, Suite 900
Denver, CO 80202

Alison Goldenberg,
US Trustee Office
1961 Stout Street, Ste 12-200
Denver, CO 80294

*Michael J. Davis*
Michael J. Davis